REGAN, Judge.
The plaintiffs, Walter J. Daspit, Jr., and Peggy Dean Daspit, his wife, filed this suit against the defendant, Midstates Marine Insurance Company, endeavoring to recover the sum of $3,800.00, representing damages for the total loss of their automobile, the cost of rental of a replacement vehicle, and mental pain and suffering which they assert was incurred as the result of *67 the defendant’s arbitrary refusal to pay their claim in conformity with its contract of insurance providing them with collision and comprehensive coverage.
The defendant answered and denied that the plaintiffs’ automobile was rendered a total loss by virtue of the accident in which it was involved, and further asserted that all payments were made by it in accordance with a proof of loss submitted by the plaintiff for the repair of his automobile.
From a judgment in favor of the defendant, the plaintiffs have prosecuted this appeal.
The record discloses that the plaintiff, Mrs. Peggy Daspit, accidentally drove her Dodge station wagon into a drainage canal and as a result thereof, the automobile was practically submerged for more than two hours. Upon extrication of the vehicle from the canal, it was found to be completely filled with dirty water and debris. It was thereafter delivered to Bolton Ford Company for repair, and the defendant’s adjuster estimated the cost therefor at $643.40. The record discloses that the plaintiffs did not authorize the defendant to have the automobile repaired at Bolton Ford, nor did they acquiesce or agree that the amount necessary to repair and restore the automobile to its original condition was in conformity with the defendant’s estimate of $643.40.
The automobile was retained by Bolton Ford from November 13, 1964, until February 1, 1965, during which period the plaintiffs, through their attorney, made many protests about the lengthy delay involved in repairing the automobile. On several occasions, the plaintiffs visited the Bolton Ford agency to pick up the vehicle and were met with a highly disagreeable odor emanating from its interior especially from its seats and upholstery. They insist that they became physically ill as the result thereof. Predicated upon this fact, they' are endeavoring to recover damages ex delicto from the defendant.
In any event, on February 1, 1965, the plaintiff executed a proof of loss under protest, paid the $100.00 deductible portion due under his policy of insurance and drove the vehicle away.
When he was several blocks removed from the Bolton Ford agency, the engine of the automobile stopped, and the plaintiff proceeded to have the vehicle towed to the dealer from whom it was originally purchased, where he traded it in for a new car. The trade-in he received was a relatively high one, being between $2,200.00 and $2,-300.00.
The lower court concluded as a matter of fact that the plaintiffs did not prove their damage with that certainty required by law. This conclusion was predicated upon the plaintiffs’ failure to offer any substantive evidence to establish the difference between the insurance adjuster’s estimate of damage, and the actual amount of money which the plaintiffs would have had to expend in order to restore the car to its original condition. In addition thereto, the lower court pointed out that while the insured’s testimony relative to the details of the trade-in arrangement were too vague and of insufficient probative value to support his claim, nevertheless, the whole tenor of his testimony concerning the large allowance received on the trade-in of the damaged vehicle tended to defeat his claim for the total loss thereof.
The question which this aspect of the appeal was posed for our consideration is whether the foregoing finding of the trial judge is so erroneous and unsupported by the record so as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony *68 adduced herein or by endeavoring to reconcile the respective litigants’ versions of the amount of loss incurred by the plaintiffs’ vehicle. The trial judge rejected the plaintiffs’ version thereof, and our analysis of the record convinces us that he did not commit error in so doing.
The lower court also concluded as a matter of law that the plaintiffs were not entitled to recover damages for illness incurred as the result of smelling the fumes and noxious odors emanating from the automobile. It also reasoned that their policy did not provide for reimbursement for the rental of a replacement vehicle pending repair of their own automobile. These conclusions are obviously correct, and require no further comment.
The only other significant question posed for our consideration is whether the plaintiffs’ loss falls in the category of “collision” coverage afforded by the defendant’s policy, and thus subjects them to paying the $100.00 deductible provided for therein, or whether the loss is encompassed by the “comprehensive” portion of the policy, thereby freeing them from the obligation of paying the initial loss of $100.00. The facts unequivocally disclose that Mrs. Daspit drove the automobile into the canal and it was damaged as a result thereof. This loss obviously falls within the purview of the “collision” coverage of the policy, and the mere coincidence that the car sustained water damage in the course of the collision is of no import in determining the specific coverage under the policy. Consequently, the plaintiffs are not entitled to recover the sum of $100.00 which they were required to pay in order to obtain the release of their automobile from the Bolton Ford agency.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiffs are to pay all costs incurred herein.
Affirmed.