296 So.2d 468 (1974)
Donald NICHOLAS
v.
CONTINENTAL INSURANCE COMPANY.
No. 5817.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1974.
Rehearing Denied July 3, 1974.
Daniel E. Becnel, Jr., Reserve, for plaintiff-appellee.
Robert E. Peyton, Christovich & Kearney, New Orleans, for defendant-appellant.
Before GULOTTA and BOUTALL, JJ., and WICKER, J. pro tem.
THOMAS C. WICKER, Jr., Judge pro tem.
This is an action instituted by an insured against his insurer for damages covered by a comprehensive family automobile insurance policy. The automobile of plaintiff, Donald Nicholas, was involved in an accident while his brother was driving the car, and plaintiff sued to recover damages from his insurer, Continental Insurance Company. The sole issue presented is the quantum of damages for which defendant is liable under the insurance policy.
Plaintiff claims his car was totally demolished and he is entitled to the market value of the car at the time of the accident; whereas, defendant claims plaintiff's car is reparable for substantially less. The trial court held in favor of plaintiff, awarding him $4,850. From this judgment defendant has appealed.
*469 The evidence shows that defendant's agents made a formal estimate of the cost of repair of plaintiff's automobile as $2,142.13. Plaintiff believed the car to be irreparable, but claims defendant's agents advised him to take his vehicle to Clearview Dodge in Metairie, where repairs could be made at a cost within defendant's estimate. The car was taken to Clearview Dodge in Metairie, where repairs could be made at a cost within defendant's estimate. The car was taken to Clearview Dodge and was partially repaired when Clearview was anticipating a declaration of bankruptcy. At that time defendant advised plaintiff to have the car moved, and Continental paid Clearview Dodge $1,166.89 for the partial repairs it had performed. Plaintiff removed the car to Guillory's Body Shop, where the mechanic's rough estimate of repairs indicated that the cost of completion of the work on plaintiff's car would far surpass defendant insurer's appraisal. Mr. Guillory testified that it would take at least an additional $1500 to complete repairs on the car. This would bring the total repairs on the car to $2,666.89, whereas defendant's original estimate was $2,142.13.
Plaintiff, in his original petition, claimed that the car should be declared a total loss and, therefore, plaintiff should be awarded $4,850, the cost of a comparable new car on the date of the accident. In a subsequent memorandum to the trial court, plaintiff specifically demanded recovery of only $3,520.75 for the automobile, a figure based on the fair market value of the car on the date of the accident (purchase price minus depreciation).
Defendant, on the other hand, argues that it has appraised the total damage to be $2,142.13, and it has already paid $1,166.89 of this to Clearview Dodge for the partial repairs they completed, leaving defendant's remaining liability at $975.24.
The trial court held that the car was totally demolished, awarding plaintiff $4,850, the cost of a comparable new car on the date of the accident. With this result we cannot agree. The record does not support the conclusion that the car was a total loss.
Under Louisiana Law an automobile is deemed a total loss when the cost of repairs exceeds the value of the vehicle. See, e. g. Bennett v. Emmco Insurance Co., 215 So.2d 518, 521 (La.App.4th Cir. 1968); Johnson v. Williams, 201 So.2d 674, 678 (La.App.4th Cir. 1967). In order to prove total loss under this formula, a party must introduce evidence as to how much it would cost to repair the damaged vehicle. Bennett v. Emmco Insurance Co., supra, 215 So.2d at 521. See also Daspit v. Midstates Marine Insurance Company, 209 So. 2d 66, 67 (La.App.4th Cir. 1968).
The record in the case at bar reveals that plaintiff's belief that the car was "totalled" was based on his own personal opinion. Plaintiff conceded that he never submitted an appraisal of repair costs to defendant insurer to contradict the original estimate of defendant's independent appraiser. With regard to the estimate made by Mr. Guillory when plaintiff brought the car to Guillory's Body Shop, Mr. Guillory testified that it was merely a "rough estimate" and he never submitted a formal written estimate. He also testified that he would not go so far as to disagree with the original appraisal of damages made by defendant's appraiser.
On the basis of this testimony, we believe that plaintiff has failed to carry the burden of proving the vehicle to be a total loss. We further believe that plaintiff has not offered substantial proof to contradict defendant's original appraisal of damages.
With regard to plaintiff's allegation that defendant insurer is responsible for all the delays and inconvenience resulting from the failure of Clearview Dodge to complete repairs on the car, we sympathize with plaintiff's plight, but the record shows that defendant did not and could not force plaintiff to have his car repaired at all. Plaintiff could have contested defendant's *470 repair estimate and sold the automobile, if he so desired.
We therefore, affirm and amend the trial court judgment by reducing the defendant insurer's liability to $975.24, the amount remaining in defendant's original appraisal after the Clearview Dodge repairs are deducted. The defendant is also cast for legal interest from date of judicial demand and all costs of these proceedings.
Judgment amended and affirmed.