LOTTINGER, Judge.
The plaintiff is appealing the dismissal of his suit for failure to amend his petition to *202 join a necessary party. The trial judge granted the plaintiff ten (10) days within which to join a necessary party during which time the plaintiff took no action. Defendant’s motion to dismiss plaintiff’s suit upon failure to amend the petition was subsequently granted.
The petition alleges that the defendant, Houma Body & Fender, Inc., wrongfully converted the plaintiff’s automobile which had been parked on the public streets for several days. The defendant filed a timely dilatory, mislabeled peremptory, exception of non-joinder of a necessary party in that plaintiff failed to join as a defendant Charl-ton P. Rozands, Sheriff of Terrebonne Parish, under whose authority the defendant converted the plaintiff’s auto.
At a hearing on the exception, the trial court found:
“[T]he action was taken by the Sheriff’s Office, by Charlton Rozands as Sheriff, as a principal party and that he caused the defendant in this case to pick up the vehicle and place it in storage. And as far as this court is concerned, it considers that the custodian of that was, the principal custodian was the Sheriff of Terre-bonne Parish and the Houma Body and Fender Inc. was the agent for that purpose.
“I feel that the interest of justice require^] and that the law also contemplates and identifies Sheriff Charlton Ro-zands as a principal party necessary to this action. I therefore find in favor of the exceptor and find that there is a non-joinder of the necessary party defendant. I order the plaintiff to amend and include Charlton P. Rozands, Sheriff of Terrebonne Parish, Louisiana, as a necessary party defendant.”
The appellant assigns one specification of error in that “the district court erred in finding that Charlton P. Rozands, Sheriff of Terrebonne Parish, was a necessary party under LSA-C.C.P. art. 642.”
LSA-C.C.P. art. 642 provides that:
“Necessary parties to an action are those whose interests in the subject matter are separable and would not be directly affected by the judgment if they were not before the court, but whose joinder would be necessary for a complete adjudication of the controversy.
“An adjudication of an action may be made even if all necessary parties are not joined therein, but when timely objection is made to the nonjoinder of a necessary party the court shall require his joinder if. he is subject to its jurisdiction.”
Our Supreme Court in Sanders v. Flowers, 218 La. 472, 49 So.2d 858 (1950), established the criteria by which a party should be joined as a defendant in stating that:
“The test as to whether one should be made a party defendant in a given case relates to the interest which he may have in the outcome of the suit and how he would be affected by the judgment to be rendered.”
The appellant contends that Sheriff Ro-zands would not be affected by a judgment against the defendant. We disagree.
The trial judge’s findings establish a principal-agency relationship between the Sheriff and the defendant and based on that determination the applicable general rule is that a principal is liable to third persons for acts committed by the agent while acting within the scope of his authority. LSA-C.C. art. 2320, Walker v. Fontenot, 329 So.2d 762 (La.App. 1st Cir. 1976) writ denied, 332 So.2d 217 (La.1976).
Further, the defendant acting as agent for the Sheriff would have an action against the Sheriff for any expenses incurred in the execution of its duty. LSA-C.C. art. 3022, Castille v. Folck, 338 So.2d 328 (La.App. 3rd Cir. 1976). A necessary party is not one who is directly affected by the judgment but one whose interests can be indirectly affected.
“Necessary parties are those whose interests in the subject matter of the controversy are separable, and whose absence would not prevent the granting of the proper relief to the parties actually joined; but who should be made parties, if their joinder is feasible, to avoid a *203 multiplicity of actions and to effect a complete adjudication of the controversy.” McMahon, The Joinder of Parties in Louisiana, 19 La.L.R, 1 (1958).
We concur with the trial judge’s findings that in order to facilitate this suit the join-der of Sheriff Charlton P. Rozands is necessary.
Therefore, for the above and foregoing reasons the judgment of the trial court on the exception of non-joinder of a necessary party and the dismissal of plaintiff suit is affirmed at appellant’s costs.
AFFIRMED.