FORET, Judge.
This is a suit by plaintiff, Louanna Cea-sar, against Great Falls Insurance Company, seeking payment for property damage, etc. arising out of an alleged loss of her automobile, a 1974 Toyota. Great Falls Insurance Company is the comprehensive/collision insurer of the said vehicle. Great Falls filed an answer of general denial and subsequently filed a third party demand against one Graylin Bell who had borrowed plaintiff’s automobile and was driving it at the time of the alleged accident on March 11, 1977. The trial court dismissed plaintiff’s suit, and she has perfected this appeal.
Plaintiff alleges that she had loaned the car to a friend, Graylin Bell, on or about March 9, 1977, so that Bell could make the trip to New Orleans to see his brother who was in Charity Hospital, New Orleans, with a gunshot wound. On the way back from New Orleans, at approximately 2:30 A.M., plaintiff alleges, and Graylin Bell testified that he pulled off of the road, or somehow ran into a canal or ditch. Bell testified that he and his passenger, one Murray Johnson, got out of the car through the windows, and swam to safety. Bell further testified that he and Johnson hitched a ride to a service station, apparently on the Airline Highway, in the vicinity of Sorrento, and that Bell and the service station operator went back to the scene of the accident with a wrecker and a spotlight. However, they were unable to locate the vehicle. Bell asserts that it must have been totally submerged. It is important to note, at this point, that Bell could not give the name of the service station, or the name of the wrecker driver with whom he returned to the alleged scene of the accident. The wrecker operator was not subpoenaed to testify at trial. The car has never been found. Bell claims that the reason that he tried to pull off the road was that there were two cars behind him which were blowing their horns and blinking their lights, and that he thought that they wanted him to get out of the way, so he started to pull over off the road to let those cars by. When he pulled off the road, his car started sliding on wet grass and slid into the water.
After having gone to the site of the alleged accident with the wrecker driver, Bell did not return there until about a week later when he went there with an insurance adjuster.
Louanna Ceasar, of course, does not know what happened to her car, except what Graylin Bell told her. She stated in her testimony that she had no reason to believe anything other than what Graylin Bell had told her as to what had happened to the automobile. She does not state in her testimony, or allege in pleadings, that Graylin Bell or someone else may have stolen the automobile. Neither Graylin Bell nor Murray Johnson state that anyone stole the automobile. Certainly, neither this Court, nor the trial court, could make the deduction that the car was stolen. Therefore the provisions of the defendant’s policy insuring against loss by theft afford her no relief.
Graylin Bell and Mike Florio, an adjuster for Great Falls, went to the alleged accident site on March 17, according to the testimony of Florio. They could find no indication from the grass on the side of the road, or anything else, exactly where the car might have gone into the ditch. The area that they searched was a five-mile stretch of the Airline Highway between Interstate 10 and the Village of Sorrento. Florio further testified that he contacted *1288 the Sorrento Police Department, the Gonzales Police Department, and the Louisiana State Police, and that neither of these agencies had a report of an accident involving the plaintiff’s automobile.
The trial court, in oral reasons for judgment, found that plaintiff had failed to carry her burden of proof. The trial court further stated that he did not believe the testimony of Graylin Bell as to how the accident occurred, or even as to the occurrence of an accident.
General rules require plaintiffs to prove their claims to the satisfaction of the court, and it is the burden of the plaintiff to establish every fact essential to her recovery and establish that her claim, if any, falls within the policy coverage. Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La.App. 4 Cir. 1970); Macaluso v. Watson, 188 So.2d 178 (La.App. 4 Cir. 1966); B.T.U. Insulators, Inc. v. Maryland Casualty Company, 175 So.2d 899 (La.App. 2 Cir. 1965). We agree with the trial court that plaintiff has failed to do so in this case.
In the absence of a showing that the trial court is clearly wrong in its findings of fact, and if a reasonable evidentiary basis exists in the record for its findings, this Court will not disturb these findings on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We not only find that the trial court was not “clearly wrong”, but we find it to be correct in its judgment dismissing plaintiff’s suit.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed against plaintiff-appellant, Louanna Ceasar.

AFFIRMED.