385 So.2d 1273 (1980)
Kirby A. ROY, III, Plaintiff-Appellee,
v.
COMMERCIAL UNION ASSURANCE COMPANY (American Employers Insurance Company), Defendant-Appellant.
No. 7643.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
*1274 Gist, Methvin, Hughes & Munsterman, Dorwan G. Vizzier, Alexandria, for defendant-appellant.
Ben C. Bennett, Jr., Marksville, for plaintiff-appellee.
Before CULPEPPER, SWIFT and STOKER, JJ.
SWIFT, Judge.
American Employers Insurance Company (American), defendant-appellant herein (originally designated as Commercial Union Assurance Company), appeals from a judgment of the district court finding it liable for alleged water damage to the 1974 Chevrolet Monte Carlo of its insured, Kirby A. Roy, III, the plaintiff.
The facts are that in the early morning hours of New Year's Day, 1979, Mr. Roy was driving his automobile on a flooded highway in Avoyelles Parish when it became partially submerged in a flooded ditch. The car remained in the water until early the next morning when it was removed to a nearby field. At plaintiff's request the automobile was towed to Ideal Chevrolet Company (Ideal) in Marksville on January 2 where its engine and transmission were drained that day.
Some time between January 8 and 10 Mr. Francis Smith, an independent appraiser engaged by American, the comprehensive insurance carrier, inspected the vehicle and prepared an appraisal of the damages. During this time in accordance with Smith's estimate Ideal flushed the engine and transmission with oil four times, changed the filters, removed the spark plugs, tested the compression, cleaned the distributor, checked the transmission and other parts, road tested the car and tried to dry its interior through vacuuming, ventilation and sunlight.
Ideal's mechanic, Mr. Gene LaGrange, with over 25 years experience, testified that the only problems he found on testing the car were a lack of play in the steering wheel and the seats were still damp.
According to the plaintiff, about one month later Ideal advised the insured the car was ready. When Mrs. Roy went to pick up the car, she complained of the steering, so Ideal kept the automobile an additional week to correct the difficulty. American sent a check to Mr. Roy in the amount of Smith's appraisal, $218.87, but it was returned uncashed. In March the insured returned the automobile to Ideal, complaining of transmission problems. Repairs were begun, but halted when a dispute arose over responsibility for payment of the repairs. The car was left at Ideal with the transmission disassembled, and was still there when the case was tried on October 23, 1979.
Following the trial the judge awarded plaintiff $2,395.00 for the total loss of the vehicle.
Defendant first contends on this appeal that the trial judge erred in allowing evidence concerning damages to the vehicle over its objection as being beyond the scope of the pleadings. In this connection the petition alleged:

*1275 "6.
"On January 1, 1979, petitioner notified his local agent, Mr. Merlin Lacombe, concerning the water damage in petitioner's automobile. The insurance adjuster had petitioner's automobile picked up and taken to Ideal Chevrolet Company in Marksville, Louisiana for repair.
"7.
"After being informed that his automobile had been repaired, petitioner picked up his automobile from Ideal Chevrolet Company and began driving it. He noticed immediately that his transmission was not in good working condition. Petitioner notified his insurance agent, Mr. Merlin Lacombe, of this problem soon after petitioner began driving his automobile again. After driving for a period of approximately 20 days, petitioner's automobile transmission broke entirely, causing said automobile to become inoperable.
"8.
"Said automobile is now inoperable, and the cost to place the automobile in an operating condition similar to that condition which existed before December 31, 1978 would exceed the value of the automobile, which value at the time of the loss was $3,000.00."
Our Code of Civil Procedure sets forth a system of fact pleading. Articles 854, 891, 1003, 1004. Cox v. W. M. Heroman & Co., Inc., 298 So.2d 848 (La.1974). While we are mindful that pleadings are to be construed so as to afford a litigant his day in court, they are also to be construed so as to do substantial justice for both parties. LSA-C.C.P. Articles 5051, 865.
In the present case the petition provided no notice whatsoever to the defendant that the plaintiff intended to introduce evidence pertaining to damages other than that of the transmission. A timely objection being made, we believe the admission of evidence of any other damages constituted an unwarranted expansion of the pleadings and it should not have been considered by the trial judge in the absence of his granting a motion to amend the petition. Piediscalzo v. Deutsch, 200 So.2d 114 (La. App. 4 Cir. 1967); Wanda Petroleum Co. v. Mac Drill. Inc., 353 So.2d 474 (La.App. 3 Cir. 1978).
Be that as it may, we have reviewed the evidence offered by plaintiff in support of his claim that the flooding caused the automobile to be a total loss and are convinced that the trial judge was clearly wrong in reaching this conclusion.
In our opinion the preponderance of evidence is to the effect that no damage was done to the car by the flood except possibly to its upholstery and carpet. But even if it was otherwise, no evidence whatsoever was offered as to what it would cost to repair the steering mechanism, the engine, the transmission, the brakes and the car's interior to eliminate the damages which plaintiff contends were caused by the water. Upon questioning by the trial judge Mr. LaGrange estimated the cost of a new and a rebuilt motor, a new transmission and a new steering gear. According to the witness, with labor the respective costs would be about $2220.00 or $1420.00 for the motor, $945.00 for a transmission and $500.00 for a new steering gear or a maximum of approximately $3,665.00. Although Mr. LaGrange was never qualified as a dealer or an expert in regard to the price or value of used automobiles, in answer to the judge's questions he expressed the opinion that a 1974 Monte Carlo in good shape would be worth about $2395.00. From these figures the court obviously concluded that the plaintiff had proved his vehicle was a total loss as a result of the incident and gave judgment for $2395.00
This was clearly error. Neither Mr. LaGrange nor anyone else testified that a new motor, transmission or steering gear were needed to repair the vehicle or to return it to its original state. He merely responded to the court's questions as to the cost of replacing those particular items with new ones.
In order to recover under an insurance policy it is the burden of the plaintiff to establish every fact essential to his recovery and to establish that the claim *1276 falls within the policy coverage. Ceasar v. Great Falls Ins. Co., 371 So.2d 1286 (La. App. 3 Cir. 1979). Under our law an automobile is deemed a total loss when the cost of repairs exceeds its value before the accident. To prove a total loss a plaintiff must introduce evidence not only as to the car's prior value, but also as to how much it would cost to repair the automobile. Nicholas v. Continental Insurance Company, 296 So.2d 468 (La.App. 4 Cir. 1974). And it has been held that proof of salvage value is essential to a recovery for the total loss of a vehicle. Burton v. Southwestern Gas & Electric Company, 107 So.2d 67 (La.App. 2 Cir. 1958); Cheramie v. Jones, 327 So.2d 601 (La.App. 4 Cir. 1976).
The plaintiff has failed in these respects. However, he is entitled to recover for the work initially performed on his automobile by Ideal amounting to $218.87, which he has not actually received. The trial court's judgment will be amended accordingly.
For the foregoing reasons, the judgment of the district court is amended to reduce the principal amount thereof from $2,395.00 and $218.87. In all other respects, it is affirmed. The costs of this appeal are assessed to plaintiff-appellee.
AMENDED and AFFIRMED.