GUIDRY, Judge.
This case arises out of an automobile collision. The plaintiff-appellee, Kenneth H. Lavallais, sued to recover damages under the collision insurance provisions of an automobile insurance policy issued to him by the defendant-appellant, Dairyland Insurance Company, plus penalties and attorney’s fees. The trial judge found thejdain-tiff’s automobile to be totally destroyed in the collision and awarded plaintiff $2,107.70 but denied his claim for penalties and attorney’s fees. Defendant appeals. Plaintiff did not appeal or file answer to defendant’s appeal.
The only issue is whether the trial judge erred in finding the plaintiff’s automobile to be totally destroyed as a result of the accident.
The record reflects the following. On September 14, 1979, Jimmy Antoine, driving a 1969 Ford owned by Mary Johnson, made an improper right turn on Tunica Drive in Marksville, Louisiana, in front of plaintiff’s automobile causing a collision. The plaintiff was driving a 1976 Pontiac Trans Am. Under the liability provisions of an automobile insurance policy issued to Mary Johnson, Dairyland paid plaintiff $1,917.30 as the cost of repairing his automobile.[1]
The plaintiff sued for the full value of his automobile contending it was totally destroyed in the accident. At trial the parties stipulated that the value of the automobile at the time of accident was $4,775.00. The plaintiff’s collision insurance was subject to a deductible of $250.00. Expert testimony established the salvage value of plaintiff’s automobile to be $500.00.
The trial judge found the plaintiff’s automobile was totally destroyed and awarded plaintiff $2,107.70. The trial judge computed the award as follows:

"Adual Caih Value..$4,775.00

Lea: Paid by Valayland. 1,917.30
Subtotal.$7,857.7 0
Lea: Salvage. 5 00.00
Subtotal.$2,357.7 0
Lea Deductible. 250 ■ 00 .
Total.$2, 1 07.70”
For an automobile to be deemed a total loss, the cost of the repairs must exceed its value before the accident. The burden is on the plaintiff to prove the car is a total loss by introducing evidence of the automobile’s prior value, the cost of repair and the salvage value. Roy v. Commercial Union Assur. Co., 385 So.2d 1273 (La.App. 3rd Cir. 1980) and cases therein cited.
The only evidence concerning the extent of damages sustained by plaintiff’s vehicle is that set forth in the testimony of two expert witnesses. Neither of these witnesses testified that the cost of repairing plaintiff’s automobile exceeded the value of the automobile as stipulated to by the parties.
The plaintiff called Mark Ducote, a former employee in the body shop of Lewis Roy Motors in Marksville, Louisiana.[2] Mr. Ducote concluded that plaintiff’s automobile was a total loss. However, he based his estimate on plaintiff’s automobile having a value at time of accident of $3,206.51 instead of the stipulated value of $4,775.00. Mr. Ducote testified that he stopped calcu *561 lating the cost or repairs when he reached a total of $3,800.00 since he had already exceeded what he believed to be the value of the plaintiff’s automobile. Mr. Ducote’s estimate of damages to the Lavallais’ vehicle as being in excess of $3,800.00 is not supported by an itemized list of parts and labor essential to a repair of such vehicle.
The defendant called Edwin R. Wilson, an appraiser for Crawford and Company Adjusters and Appraisers with some 28 years of experience, who estimated the cost of repairing plaintiff’s automobile to be $1,917.30. At no time did Mr. Wilson consider plaintiff’s automobile to be a total loss.
Since there is no evidence in the record indicating that the cost of repairing plaintiff’s automobile exceeds the stipulated value of $4,775.00, the trial judge was clearly wrong in finding that plaintiff’s automobile was a total loss.
The evidence contained in the record as it now stands is not sufficient for us to make a proper award to plaintiff. Mr. Ducote did not provide an itemized estimate of the damages nor does his testimony reveal how he arrived at his estimate that the cost of repairing plaintiff’s automobile would be at least $3,800.00. Although Mr. Wilson provided an itemized estimate showing the repairs needed and their cost in reaching the figure of $1,917.30, his estimate was made solely on a visual inspection of plaintiff’s automobile. Mr. Wilson freely admitted that additional damage could be discovered upon repair of plaintiff’s automobile. Considering the difference between the two estimates it is probable that there is additional hidden damage.
Under these circumstances, we feel it proper to reverse the judgment of the trial court and remand the matter so as to give both sides an opportunity to offer evidence as to the repairs necessary and the cost thereof. Cheramie v. Jones, 327 So.2d 601 (La.App. 4th Cir. 1976).
For the reasons assigned, the judgment appealed from is reversed and set aside and this matter is remanded to the district court for trial in accordance with law and with the views expressed in this opinion. All costs incurred on this appeal are to be paid by the plaintiff-appellee. Assessment of all other costs will await a final disposition of this matter.
REVERSED AND REMANDED.

. Following the accident plaintiff’s automobile was examined by Edwin R. Wilson, an appraiser for Crawford and Company, who estimated the cost of repairing plaintiff’s vehicle to be the sum of $1917.30.

. Although accepted as an expert in the field of automotive damage appraisal and repair, the record reflects that Mr. Ducote’s training in such field was limited to a nine months’ course taken during his senior year in high school and his experience extended only over a period of 13 months.