GUIDRY, Judge.
This matter comes back to this court on remand from the Louisiana Supreme Court.
In our original opinion in this case[1] we concluded that the trial court judgment which found plaintiff’s automobile to be totally destroyed and awarded damages accordingly was erroneous. In reaching this conclusion we stated as follows:
“For an automobile to be deemed a total ioss, the cost of the repairs must exceed its value before the accident. The burden is on the plaintiff to prove the car is a total loss by introducing evidence of the automobile’s prior value, the cost of repair and the salvage value. Roy v. Commercial Union Assur. Co., 385 So.2d 1273 (La.App. 3rd Cir. 1980) and cases therein cited.

Since there is no evidence in the record indicating that the cost of repairing plaintiff’s automobile exceeds the stipulated value of $4,775.00, the trial judge was clearly wrong in finding that plaintiff’s automobile was a total loss.”

We also concluded that the matter should be remanded, 404 So.2d 1249, to the trial court for further proceedings because, in our view, the evidence contained in the record was not sufficient on which to base a proper award. Subsequent to the rendition of our opinion the Louisiana Supreme Court granted a writ of certiorari, on application of plaintiff, and issued the following order:

“Granted. The ruling of the Court of Appeal to the effect that the car could not be a total loss because the cost of repair did not exceed its stipulated value is reversed, and the case is remanded to the Court of Appeal to fix the damages for the car in an amount which will compensate for the damages as nearly as possible on the record before it.”

We have again reviewed the record and conclude, for the reasons hereinafter set forth, that the trial court judgment should be affirmed.
*1228 Although we remain unimpressed with the expert evidence in the record, following the Supreme Court mandate “to fix the damages. . . as nearly as possible on the record”, and in line with the principles enunciated in Canter v. Koehring Company, 283 So.2d 716 (La.1973) and Arceneaux v. Domingue, 359 So.2d 1303 (La.1978), 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir. 1979), we find, based upon the testimony of plaintiff’s witness, Mark Ducote, that as a result of the accident plaintiff’s automobile was totally destroyed.
For the reasons assigned the judgment of the trial court is affirmed and defendant-appellant is cast with all costs in the appellate courts.
AFFIRMED.

. Our original opinion is reported at 401 So.2d 559 (La. App. 3rd Cir. 1981). Reference is made to that reported decision for a summary of the stipulated facts, the evidence presented, and the disposition by the trial court.