LABORDE, Judge.
Plaintiff, Percy Louis Simon, filed suit against Allstate Insurance Company and Ray Chevrolet Olds, Inc. seeking damages, penalties and attorney’s fees for the failure *1324 of Allstate to have his automobile repaired within a reasonable time. Allstate filed a third party demand against Ray Chevrolet seeking indemnity and contribution in the event a judgment was rendered against them. Ray Chevrolet filed a reconventional demand against Simon and Allstate seeking to recover the amount owed for the repairs on Simon’s automobile.
The trial court, without assigning reasons, rendered judgment in favor of the defendants, Allstate and Ray Chevrolet dismissing Simon’s petition. No judgment was rendered in the reconventional demand. Simon appeals from the judgment dismissing his suit. The issues presented on appeal are as follows:
(1) Whether Simon is entitled to an award for penalties and attorney’s fees.
(2) Whether Simon is entitled to recover for loss of use and for property damage to his automobile.
(3) Whether Allstate is entitled to indemnity or contribution from Ray Chevrolet.
FACTS
On March 28, 1979, plaintiff, Percy Simon, was involved in an automobile accident. As a result of the accident, Simon’s 1976 Pontiac Grand Prix was damaged and was towed to Ray Chevrolet-Olds, Inc. Simon contacted Allstate Insurance Company who provided collision coverage on his automobile. On April 6, 1979, Allstate sent its adjuster to Ray Chevrolet to examine the extent of damage to Simon’s car.
The initial inspection yielded a repair estimate of $1,459.65. Since this estimate was considerably less than the value of the automobile, Allstate exercised its option under the policy to have the car repaired. Allstate authorized Ray Chevrolet to make repairs and tendered a draft to Simon for $1,209.65. ($1,459.65 minus $250.00 deductible)
In the initial inspection Allstate’s adjuster failed to thoroughly inspect Simon’s car. As it turned out, a thorough examination would have revealed extensive damage to the car’s frame. Had this damage been discovered initially, Simon’s car would have been declared a total loss. However, at the time it was determined that the car should have been a total loss, Allstate had spent a considerable amount of money trying to have the car repaired and Ray Chevrolet had already completed several repairs on the automobile. Therefore, Allstate decided to continue repair of Simon’s car.
The reeord reveals that January 30, 1980, ten (10) months after the accident, was the last date Ray Chevrolet performed work on Simon’s car. On April 6, 1980, Allstate issued a second draft to Simon in the amount of $1,855.46 to pay for the additional repairs. When Simon came to pick up his car he noticed cracks in the dashboard and upholstery. Ray Chevrolet refused to repair this damage. Simon then filed this suit to recover penalties and attorney’s fees for the failure to make timely repairs, for the loss of use of his automobile and for the property damage to the car’s interior.
PENALTIES AND ATTORNEY’S FEES
The record reveals that in April of 1979, Ray Chevrolet received authorization from Allstate to make repairs on Simon’s automobile. According to the records of Ray Chevrolet the last repair work was performed on January 30, 1980. Therefore, a period of at least nine months lapsed before repairs were completed.
Allstate’s adjuster, David Russo, testified that during the course of his employment as an adjuster, he had opportunities to observe cars repaired by different body shops and repair shops. He stated that it was his opinion that it should have taken five to six weeks for the repairs to have been made. He further stated that if there was a problem in locating body parts, which on American cars was not very common, it could take as long as eight weeks.
Ray Chevrolet’s service manager, Larry Denais, testified that assuming the original estimate had included all of the necessary parts, it should have taken only three months for the repairs to be completed. A *1325 longer period would be required if necessary parts were not available. Denais further testified that as of August, 1979, no repair work on Simon’s car had commenced. A period of at least three months passed before Ray Chevrolet began work on Simon’s car.
Based on the record, we conclude that a maximum period of four months should have been required to repair Simon’s car. This conclusion takes into consideration any delays caused by the unavailability of parts. From this conclusion, we determine that the nine month period it actually took for the repairs to be made was an unreasonable time.
When an insurer elects to restore a wrecked vehicle to its former condition, rather than pay for its total loss, it must have the car repaired within a reasonable time. The failure to do so, even though possibly caused by its repairman’s inability to obtain necessary parts, constitutes arbitrary action which subjects the insurer to the penalty and reasonable attorney’s fees provided in LSA-R.S. 22:658. Hammack v. Resolute Fire Insurance Company, 233 La. 359, 96 So.2d 612 (La.1957); Lonco Trucking v. American Road Ins. Co., 378 So.2d 569 (La.App. 3rd Cir.1979). We therefore hold that the unreasonable time that it took Allstate to have the repairs made to Simon’s ear subjects them to the penalty and attorney’s fee provided for in LSA-R.S. 22:658.
As to the attorney’s fees, the record contains a stipulation in the amount of $2,273.00. To this we grant an additional $750.00 for the time and effort spent on appeal.
The penalty to be imposed will be 12% on $3,465.00 (the total loss value of the vehicle as stipulated by the parties). Allstate argues that the 12% should be imposed on the difference between the total loss value and the amounts tendered by Allstate for the repair costs. We disagree. The penalty is being assessed not because the repair costs were not tendered timely but because the repairs were not completed timely. To allow a deduction for the repair costs tendered in a situation such as the present case would defeat the purpose of the penalty provision. For example, in Lonco Trucking v. American Road Ins. Co., supra, the repair costs paid by American were $22,000.00 while the actual value of the truck was $17,000.00. Using Allstate’s computation, no penalty would be owed even though American was arbitrary in not repairing the truck timely. This is not the result contemplated by LSA-R.S. 22:658. Therefore, the 12% penalty is to be imposed on the total loss value of the automobile.
LOSS OF USE AND PROPERTY DAMAGE
Our second issue to resolve is whether Simon is entitled to recover for loss of use and for property damage to his automobile. The record reveals that Simon’s car was parked on Ray Chevrolet’s lot from the middle of April, 1979, to August, 1979, before repairs were commenced. During this period the windows were rolled up. Simon testified that the only time the car was moved was when the grass on the lot had to be cut. This exposure caused the leather upholstery and dashboard of Simon’s car to crack. Simon demanded that Ray Chevrolet remedy this damage but they refused. Simon’s suit seeks recovery for this property damage as well as for loss of use of his automobile.
Relying on our decision in Lonco Trucking v. American Road Ins. Co., supra, we hold that Allstate is liable in damages for loss of use and for the property damage incurred. When Allstate exercised their option to make payment by repair, they entered into an agreement or contract to repair through their agent, Ray Chevrolet. This agreement included the obligation of timely repair. Allstate breached their agreement by failing to have the repair work performed timely. Damages for breach of repair contracts include loss of use under LSA-C.C. Article 1934. Henry Waters Truck and Tractor Co., Inc. v. Relan, 277 So.2d 463 (La.App. 1st Cir.1973) on Reh., writ denied, 279 So.2d 206 (La.1973); *1326 Lonco Trucking v. American Road Ins. Co., supra. Allstate, as principal, is liable to third persons for the acts committed by their agent, Ray Chevrolet. LSA-C.C. Article 2320; Reilly v. Houma Body & Fender, Inc., 364 So.2d 201 (La.App. 1st Cir.1978). Therefore, Allstate is also liable for the property damage to Simon’s car caused by the negligent acts of their agent, Ray Chevrolet.
We are unable to determine from the record the amount that Allstate owes Simon for loss of use and property damage. Damages for loss of use are owed for the part of the repair period which was unreasonable. The record reveals that Ray Chevrolet last performed work on Simon’s car on January 30, 1980, but there is testimony in the record that the automobile still needs repair work on its frame. Until it is determined if repairs have been completed or when repairs were completed we cannot ascertain the part of the repair period which is unreasonable. For this reason we remand the case to the trial court in order to determine the repair period which was unreasonable and then to set the appropriate award for loss of use.
As to property damage, we are unable to evaluate the measure of damage from the record before us. We remand the case to the trial court to determine the measure of property damage. '
THIRD PARTY DEMAND
In the district court proceedings, Allstate filed a third party demand against Ray Chevrolet seeking indemnity or contribution. Because we reverse the lower court’s judgment in favor of these defendants, we now consider Allstate’s third party demand against Ray Chevrolet. Bond v. Commercial Union Assur. Companies, 387 So.2d 617 (La.App. 3rd Cir.1980); 407 So.2d 401 (La.1981).
It has long been held in Louisiana that a party not actually at fault, where liability results from the faults of others, may recover by way of indemnity from such others. Bewley Furniture Co., Inc. v. Maryland Casualty Co., 285 So.2d 216 (La.1973). Allstate’s liability for property damage results from the fact that it, as principal, is liable to third persons for the acts committed by the agent. This liability arises solely from the actions of Ray Chevrolet in leaving Simon’s automobile exposed to the summer elements for an extended period of time. We conclude that Allstate should be indemnified in full by Ray Chevrolet for the sum the trial court determines is owed for property damage.
Allstate’s liability for loss of use does not result solely from the actions of their agent, Ray Chevrolet. Allstate is responsible for not correctly evaluating the damage to Simon’s car thereby causing delay in the time required to complete repairs. Ray Chevrolet caused further delay by not commencing the repair work timely. Both of these factors contributed to the unreasonable time it took to repair Simon’s car, if indeed it is fully repaired. Therefore, Allstate is not entitled to be fully indemnified for the damages they must pay for loss of use. We conclude that Allstate is entitled to be indemnified by Ray Chevrolet for only one-half of the amount it owes for loss of use.
For the reasons set forth herein, the judgment of the trial court is reversed. Accordingly, it is Ordered, Adjudged and Decreed that there be judgment in favor of Percy Louis Simon against Allstate Insurance Company for attorney’s fees in the full sum of Three Thousand Twenty-Three and No/100-(3,023.00)-Dollars and for a penalty of 12% on Three Thousand Four Hundred Sixty-Five and No/100-($3,465.00)-Dollars.
It is further Ordered, Adjudged and Decreed that there be judgment in favor of Percy Louis Simon and against Allstate Insurance Company for damages for loss of use and property damage, the sum of damages to be determined by the trial court on remand.
It is further Ordered, Adjudged and Decreed that there be judgment in favor of third party plaintiff, Allstate Insurance Company, against third party defendant, Ray Chevrolet Olds, Inc. for the full sum Allstate is called upon to pay for property *1327 damage and for one-half of the sum Allstate is called upon to pay for loss of use said sums to be determined by the trial court on remand.
REVERSED, PARTIALLY RENDERED AND REMANDED.