PER CURIAM.
The plaintiff has appealed from a judgment which denied a claim against her own insurance company, Millers Casualty Insurance Company of Texas, under the collision coverage of the policy for rental charges incurred while her automobile was being repaired after an accident. The insurer paid the cost of repair of the insured vehicle, less the amount of the deductible. Consequently, the only matter at issue is whether loss of use of a vehicle is covered under the collision coverage.
Having reviewed the record, briefs and authorities, we are convinced the case was correctly decided by the trial court. We approve and adopt as our own the following excerpt from the trial court’s reasons for judgment:-
“Plaintiff is making a claim against her own insurance carrier, defendant, under the collision portion of the policy. At page ten (10) of the policy, a paragraph entitled ‘Coverage F Collision’, provides as follows:
“ ‘To pay for loss by collision to the owned automobile or to a non-owned automobile but only for the amount of such loss in excess of the deductible amount stated in the declarations as applicable ... ’
“The term ‘loss’ is further defined in the policy at page eleven (11) as follows:
“ ‘loss’ means direct and accidental loss of or damage to (a) the automobile, including its equipment, or (b) other insured property ... ’
“Finally, under limit of liability, the policy provides at page twelve (12) thereof as follows:
“ ‘LIMIT OF LIABILITY The limit of the company’s liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss ...’
“Plaintiff argues in brief that the insurance policy cdvers the loss of use of the vehicle. She also contends that the language is ambiguous and should be broadly construed by the Court to include not only the payment of the actual cost to repair the vehicle of plaintiff, but also the cost of renting a substitute vehicle during that period.
“This issue has been decided in similar prior cases. In the cases of Darvie v. American Bankers Ins. Co. of Florida, 80 So.2d 541 (La.App. Orleans 1955) and *374 in the case of Daspit v. Midstates Marine Ins. Co., 209 So.2d 66 (La.App. 4th Cir.1968) the courts interpreted similar provisions and held that in a claim under the collision portion of an automobile liability insurance policy issued to the owner, the insurer’s responsibility is for the payment of damages to the owned automobile in the amount of the value of the automobile, if the same was a total loss or the cost to repair it if it was not, less the stated deductible. Accordingly, I find that that there is nothing under the collision portion of the insurance policy in this case to require the insurer to pay rental charges for a replacement vehicle during that period of time that the owned vehicle is being repaired.”
On the basis of these reasons the trial court dismissed the plaintiffs suit at her costs.
According to an annotation in 80 A.L. R.3d 1180, only a few cases involving like claims under similar policy provisions have been decided in other jurisdictions, but they have uniformly denied recovery.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.