CRAIN, Judge.
A 1983 Oldsmobile Cutlass owned by George Eddie Lee was damaged in a one car collision on July 22, 1985. The vehicle was being driven by Lee’s minor son when the accident occurred. Lee had the vehicle towed to Harper’s Auto Restorations and Body Shop, owned and operated by William Harper Bailey (Bailey) on June 23, 1985. Bailey submitted repair estimates of $4,177.40 and $641.40 to Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), Lee’s insurer. Bailey’s estimate included repairing the damaged frame rather than installing a new one. Farm Bureau negotiated with Lee to have the repairs completed for the sum of $3,733.26. Repairs were completed on September 27, 1985.
After noting numerous problems with the vehicle, Lee returned it to Bailey on or about September 30, 1985, for further repair. Bailey submitted a supplemental estimate of $950.16 to Farm Bureau for alleged hidden damages which was approved and paid for by Farm Bureau. Lee received the car on October 4, 1985, again observed numerous problems with the car, and notified Farm Bureau of his complaints. Negotiations between Lee and Farm Bureau for further or completed repair of the vehicle apparently reached an impasse. Lee instituted this action against Farm Bureau and Bailey seeking damages for loss of use of the vehicle, inconvenience, embarassment, cost of repair, and depreciation of value after repair. After trial on the merits judgment was rendered in favor of plaintiff against Farm Bureau in the sum of $6,000 plus legal interest from date of judicial demand. Upon receipt of the funds Lee was ordered to transfer ownership of the vehicle to Farm Bureau. Judgment was also rendered in favor of third party plaintiff, Farm Bureau, against Bailey in the sum of $4,683.41 with legal interest from date of judicial demand. Upon receipt of these funds, Farm Bureau was ordered to transfer title of the vehicle to Bailey. From this judgment Farm Bureau appeals alleging as error: (1) the trial court’s rendition of judgment in favor of plaintiff despite plaintiff’s failure to meet his burden of proving cost of repair and (2) the trial court’s determination that the automobile was a total loss. Bailey did not appeal so the judgment against him is final. Lee did not answer Farm Bureau’s appeal so the judgment rejecting damages is final.
In November, 1985, Gordon Black made an independent damage appraisal of the vehicle at the request of Farm Bureau. Black testified that his appraisal concentrated chiefly on body repair. In his opinion the auto body could be repaired for the sum of $2,682.38. Of that sum, $1,222 was allocated to the installation of a new frame which he stated was necessary to properly repair the vehicle. The remaining sum was allocated to correct repairs which had previously been made by Bailey and for which Bailey had been paid by Farm Bureau. Black stated that he was aware of the existence of additional accident-related problems which required repair, such as the air conditioner, interior lights, cruise control, water leaks, and drive shaft, among others. However, he was unable to include the cost of repairing these items in *488 his damage appraisal because the extent and severity of the damage generally could not be ascertained until repair was undertaken. He acknowledged that the cost of repairing these items could be significant.
Gene W. Alridge, Farm Bureau Field Claims Representative, stated that as a gesture of good will Farm Bureau offered to pay the $2,682.38 appraisal estimate. Farm Bureau was aware of the continued existence of numerous problems with the vehicle which were in addition to those items included in Black’s damage appraisal. However, he could not recall whether Farm Bureau ever offered to fully repair the vehicle to its pre-accident condition subsequent to Black’s appraisal. Further, Al-ridge admitted that he would hesitate to drive the vehicle in the condition it was in at the time of trial.
John B. McDonald, former sales manager and presently a salesman for Coleman Oldsmobile, testified by deposition that the vehicle had no resale value. The salvage value was between $800 and $1,000. When queried whether he had enumerated each existing problem when arriving at that determination McDonald responded, “No sir, I didn’t have a paper that long.” When asked whether the vehicle was safe to drive, McDonald responded, “Well, it was on my lot. I don’t know on the highway. I wouldn’t want to have got out of that driveway in it, but that’s my opinion of it.”
An automobile is determined to be a total loss when the cost of repair exceeds its pre-accident value. Roy v. Commercial Union Assurance Co., 385 So.2d 1273 (La.App.3d Cir.1980).
Farm Bureau does not contest the finding that the car was valued at $7,000 prior to the accident. The sum of $4,683.41 for repairing the car was negotiated between Farm Bureau and Bailey. An additional $1,222 was required for the replacement of the frame, a repair for which Farm Bureau had not previously paid. It is also uncontested that the additional cost of repairing the items that were not enumerated in Black’s damage appraisal could amount to a significant cost. Additionally, the evidence establishes a salvage value of $1,000.
After thorough review of the record and given the facts and circumstances of this particular case we conclude that the trial court was not manifestly erroneous in determining that the automobile should have been declared a total loss in the beginning. Accordingly, the judgment of the trial court declaring the vehicle to be a total loss is affirmed. The award of $6,000, consisting of the value of the car less $1,000 for its continued use by Lee is also affirmed. Additionally, we affirm ordering Lee to transfer title to Farm Bureau upon receipt of $6,000. Appellee is to pay all costs.
AFFIRMED.