WOODARD, Judge.
This is a claim for reimbursement which plaintiff alleges is due her from her former husband under the provisions of a marriage contract entered into prior to their marriage.
This matter originated on a petition for dissolution of community property filed by Dr. Deanne Frazier Johnson (plaintiff). A Motion in Limine was then filed by Otis S. Johnson (defendant) asking the court to determine whether or not the Johnsons lived under a community property regime. Plaintiff then amended her petition allowing for an alternative plea in which she could claim reimbursement for living expenses incurred if the court found they were living under a separate property agreement. The motion was heard and the trial court held that a marriage contract was effected between the parties and was valid.
A trial was then held on the issue of reimbursement. After listening to all the testimony, the trial court held that a marriage contract had been effected between the parties with which both parties complied. However, as a matter of fact the trial court found that both parties also went beyond the terms of the contract in being generous to each other without a thought of an accounting to be made. Only when the relationship failed did reimbursement become an issue. Thus the court found that neither party owed an obligation toward the other.
It is from this judgment that plaintiff timely appeals.
LAW
MATRIMONIAL AGREEMENT
Plaintiff first contends that the trial court erred in finding that the Johnson’s were living under a separate property agreement in lieu of a community property regime. After a thorough review of the record, we do not find that the trial court was manifestly erroneous in its finding that the parties were living under a valid separate property agreement.
A matrimonial agreement may be executed by the spouses before or during the marriage. It shall be made by authentic act or by an act under private signature duly acknowledged by the spouses. La. C.C. Art. 2331.
The record reveals that a Marriage Contract was drawn up by plaintiff before the marriage. Plaintiff has her Ph.D. in Sociology from LSU and is an associate professor at Northwestern State University where she teaches sociology courses. She testified that she had some experience and understanding in matrimonial contracts and she drew up their contract as “intelligently as possible.” The evidence also shows that Plaintiff took the Defendant to the Notary prior to their marriage to have the document executed.
There was some discussion in the record as to whether the contract was in authentic form, but the evidence supports that even at the very least the marriage contract was executed by an act under private signature. Thus, we affirm the trial court’s finding that a separate property agreement existed between the parties and it was valid as to form.
REIMBURSEMENT
A. Household and Living Expenses
Plaintiff next contends that Defendant did not comply with the terms of the separate property agreement causing plaintiff to spend her own separate property funds for household items. She has asked for reimbursement of all separate monies she spent on these items.
The trial court stated in its reasons for judgment “that both parties complied with the terms and conditions of the marriage contract, and in fact, went beyond the *886 terms of the contract in being generous, one to the other, until the relationship became bitter and was terminated.” He further stated that the Johnsons “did not spend money on each other based solely on the terms of the marital agreement and in anticipation of an accounting.” He thus held that neither spouse owed any obligation toward the other and rejected all claims made by the plaintiff. Again, we cannot say that the trial court was manifestly erroneous in its finding and affirm its holding.
The marriage contract that the parties entered into stated under Article 2 that “the intended husband shall bear all living expenses and expenses for the maintaining of the household.”
The record reveals that Mr. and Mrs. Johnson had a joint checking account that was to be used for household expenses and that monies were put into this account from Mr. Johnson’s business account. Mr. Johnson testified that Mrs. Johnson was able to sign on the account and she did so liberally. Mrs. Johnson contradicted this testimony by stating that she had to consult Mr. Johnson on monies spent from the account and she could not write checks liberally. Nevertheless, she did state that there was a joint checking account to provide for living expenses on which she had check signing privileges.
There was other testimony given to support the trial court’s findings that although a marriage contract did exist, and the parties did comply with it, they also went beyond the terms and gave to the marriage financially out of generosity and love without expecting any kind of accounting or reimbursement. Therefore, we affirm the trial court’s holding on the issue of reimbursement of household maintenance and living expenses.
B. Insurance Contained in Marriage Contract
Under Article 6 of the Marriage Contract Mr. Johnson agreed to immediately make Mrs. Johnson the beneficiary of a $25,000.00 Equitable Policy and further in the event the parties were “still married and living together five years after the date of marriage”, Mr. Johnson was to donate the policy to Mrs. Johnson.
Mrs. Johnson contends that because they were still married after five years, she is entitled to this policy.
The record shows that the Johnsons were married on June 10, 1978. Their divorce became final October 12, 1983, which means they were married five years and four months. However, they physically separated in August of 1982. Under the terms of the marriage contract, Mrs. Johnson would receive the policy «/they were “still married and living together five years after date of marriage.” Although the parties were still married, they were not living together at the end of five years. Therefore in light of the wording of the contract, Mrs. Johnson is not entitled to receive the Equitable insurance policy designated in Article 6 of the marriage contract. Thus, we find no manifest error in the court’s ruling.
ENLARGEMENT OF PLEADINGS
Plaintiff also alleges that reimbursement is due her on IRS withholdings. Defendant contends that plaintiff's allegations in her pleadings only referred to items relating to maintaining of the household, living expenses, life insurance, and destroying of separate property and that any other claims mentioned that did not fall within these categories would be an enlargement of the pleadings. The record shows where defendant timely objected to any other claims that were introduced into evidence.
Under the marriage contract, there is no mention of the handling of taxes between the parties. Thus, it appears that this claim seems to fall outside the perimeter of the contract and is not customarily considered a part of household or living expenses, as are groceries, house payment, monthly expenses, etc. Therefore, because of De *887 fendant’s timely objection to claims outside those alleged in plaintiffs pleadings, we believe the admission of evidence of those claims is an unwarranted expansion of the pleadings and should not have been considered by the trial judge in the absence of his granting a motion to amend the petition. Roy v. Commercial Union Assur. Co., 385 So.2d 1273 (La.App. 3rd Cir.1980).
For the aforementioned reasons, we affirm the judgment of the trial court and assess all costs to plaintiff.
AFFIRMED.