327 So.2d 601 (1976)
Rene CHERAMIE
v.
Peggy JONES et al.
No. 7167.
Court of Appeal of Louisiana, Fourth Circuit.
February 24, 1976.
George P. Vedros, Gretna, for plaintiff-appellee.
Laurence E. Larmann, Metairie, for defendants-appellants.
Before SAMUEL, LEMMON and SCHOTT, JJ.
*602 SAMUEL, Judge.
Plaintiff filed this suit for damages to his 1966 Chevrolet truck against the owner, driver and liability insurer of a station wagon which, on June 21, 1973, had run into the truck while the latter was parked. Following the collision the station wagon was "wedged" under the truck.
After trial on the merits, judgment was rendered in favor of plaintiff and against the defendants in the sum of $2,500. The judgment is based on a finding by the trial court that the truck "was damaged beyond economical repair". Defendants have appealed. In the trial court, and in this court, defendants have stipulated liability. Accordingly, we are concerned only with quantum.
The only evidence in the record relative to quantum is the testimony of two expert witnesses, both called by the plaintiff, and one written estimate of the cost of repair prepared by one of those witnesses. The two experts gave testimony relative to the value of the truck at the time of the accident and what its value would be after repair, damage to the vehicle occasioned by the accident, and the cost of repairing that damage.
One of the expert witnesses, Sam J. Spinnato, had not seen the truck. Testifying only as to its value, he stated that after being repaired the truck would have a fair market value of $4,000 to $4,500.
The other expert, J. B. Murray, had visually inspected the truck on two occasions, one shortly after the accident and the other at some later date. In his opinion the market value of the truck prior to the collision was $2,000 to $2,500. Following the first inspection and prior to the second, he had prepared the written estimate which was introduced in evidence. However, he had inserted therein only his estimate of the cost of the labor involved in repairing the damages which he was able to see by the visual inspection. He would charge $155 for that labor, plus the cost of parts. Another person had estimated parts cost on Murray's written estimate at $426.85. Murray did not agree with that figure. He stated parts prices have escalated in the approximate one and one-half years from the date of the collision and, although he had actually checked the price of only one of the parts on the written estimate, he was of the opinion the cost of those parts was much more both at the time of the accident and at the time of trial. The total of the written estimate, including labor, parts and tax, amounted to $610.94.
Murray had written on his estimate "there could be damage to the differential and on left wheel back and bearings". Following his second visual inspection, he felt there could be additional damage to the drive line and the housing and possibly the frame. However, he could not estimate the cost of repairing this possible damage to the differential, wheel, bearings, drive line, housing and frame because, without tearing down those parts of the truck, which he did not do, he was unable to determine whether or not that damage in fact existed. He felt that, if the possible damage did in fact exist, it would cost approximately $2,000 to repair the truck. Because of the possibility of the additional damages, he did not consider it feasible to repair the vehicle.
When a vehicle is totally destroyed or so badly damaged that the cost of repairs exceeds its value, the proper measure of damages is the value of the vehicle as of the date of the accident, less the salvage thereof.[1] If the vehicle is not totally destroyed, the measure of damages is the cost of repair plus diminution in value resulting from the accident.[2] A plaintiff *603 bears the burden of establishing each and every element of damages claimed.[3]
We are of the opinion the evidence does not support a finding that the truck was damaged beyond economical repair. The proof falls far short of establishing by the required preponderance of the evidence that it was so badly damaged the cost of repair exceeds or even approaches its value. Testimony as to possible damage ascertainable only after tearing down the parts in question, a tearing down which did not take place, is not proof, only unacceptable speculation. The cost of parts cannot be set on testimony merely stating the cost of parts contained in the written estimate should be higher. And finally, the record is totally devoid of any evidence regarding salvage value. As the record now stands, the acceptable proof establishes only that the truck was damaged to the extent of the total amount of the written estimate, $610.94. According to the testimony of plaintiff's own experts, that figure is either only about one-fourth of the vehicle's value at the time of the collision or only about one-seventh of the value it will have after repair, depending on which expert's testimony is accepted.
If we were to decide this case on the record as it now stands, we would be compelled to reduce the award to $610.94. However, from our reading of the entire record, it appears to us that the actual cost of repairing the damages to the truck probably far exceeds that amount; the testifying expert simply failed to tear down the parts necessary to determine the existence and extent of the possible (and probable) additional damage. Under these circumstances, we feel it proper to remand the matter to the trial court so as to give both sides an opportunity to offer evidence only as to cost of repair of the damages resulting from the collision, if there be such evidence available.
For the reasons assigned, the judgment appealed from is annulled and set aside and the matter is remanded to the district court for trial in accordance with law and with the views expressed in this opinion; costs in this court to be paid by the plaintiff-appellee; all other costs to await a final disposition.
Annulled, set aside and remanded.
NOTES
[1] Cloney v. Travelers Insurance Company, La.App., 253 So.2d 83; Greenberg v. New Orleans Public Service, La.App., 74 So.2d 771.
[2] Goode v. Hantz, 209 La. 821, 25 So.2d 604; Cloney v. Travelers Insurance Company, supra, footnote 1; Traders & General Ins. Co. v. Robison, La.App., 289 So.2d 178; Bailey v. Moore, La.App., 276 So.2d 708.
[3] Cloney v. Travelers Insurance Company, supra, footnote 1; Foggin v. General Guaranty Insurance Company, La.App., 207 So.2d 176.