SCHOTT, Judge.
This case arose out of an automobile accident which occurred on December 14, 1973. Plaintiffs were injured and their automobile was damaged. The trial court awarded $7500 to Mrs. Smith for general damages and $1250 to Mr. Smith. He also awarded $1100 to Mr. Smith for loss of anticipated profit on his vehicle. From that judgment defendant has appealed only on the issues of the general damage awarded for Mrs. Smith and the loss of profit on the vehicle. Plaintiffs have answered the appeal asking for increases in both awards for general damages.
*436 As to Mrs. Smith, she testified as follows: When the collision occurred she struck her head and nose on the dashboard of the automobile. She sustained lacerations of the tongue and right knee and was rendered unconscious. She was taken to the Methodist Hospital where she was examined, released about four hours later and told to see her own doctor for a check-up. Over the weekend following the accident she had nausea, dizziness, general overall pain and “wasn’t feeling well.” She was also suffering from severe headache. The following Monday she consulted her family doctor who arranged for her to see an orthopedic surgeon. At this time she had general aching bruises, laceration of the leg, a sore knee and low back pain, along with lacerations of the nose and tongue which were still painful. She was also concerned about her headaches whereupon she was referred to a neurosurgeon. He recommended an electroencephalogram and treated her for a concussion. He prescribed fiorinal for her headaches. She continued to have nausea and vomiting and lost her appetite with a resultant weight loss from 125 pounds to 93 pounds. She did not regain any of this lost weight for a long time and then slowly regained it to the point where she weighed 111 pounds at the time of the trial in January, 1976. The knee and low back pain lasted about two months. She continued to have headaches for a year and a half, prompting her to go back to Dr. Vogel in February, 1975. She still had headaches at the time of the trial, but they were gradually decreasing and were not as frequent as they were during the first 13 months after the accident. She could not function properly in her duties as a housewife and mother for about four months after the accident.
The medical evidence consisted only of stipulated reports by Dr. W. M. Pusateri, an orthopedic surgeon, and Dr. Kenneth Vogel, a neurosurgeon.
Dr. Pusateri saw Mrs. Smith only once on December 19 and diagnosed a contusion of her right knee and a strain type injury of the lumbar spine. He felt that these injuries were minor and that there would be no permanent physical impairment. He recommended that Mrs. Smith see a neurosurgeon because of a questionable period of unconsciousness following the accident together with the headaches and vomiting which she was experiencing.
Dr. Vogel saw her on December 20 and diagnosed a cerebral concussion, grade I, with mild post concussion syndrome, for which he prescribed fiorinal for the headaches and recommended that she return to his office on an as needed basis. He was hopeful that she would resolve the symptoms spontaneously and not require further neurological care. On January 24,1975, she was re-evaluated in his office with complaints of “intermittent non-vomiting and headaches.” Her neurologic examination was normal and “at that time she was felt to have been experiencing a resolution of her concussion systems.” On February 27 she was re-evaluated in his office, stating that she was experiencing an occasional headache approximately once a week. He thought that she had “resolved these systems of her cerebral concussion” and no return appointment was made.
Apparently the trial judge interpreted Dr. Vogel’s report to mean that her headaches were residual symptoms of the concussion, but we do not attach the same significance to the report under all the circumstances. She had been told in December, 1973, to return to Dr. Vogel on an as needed basis and yet did not return until January, 1975. Furthermore, she gave no explanation for not seeking any medical treatment during the extended period of time in which she was suffering from nausea, vomiting and loss of appetite and was losing weight. We interpreted Dr. Vogel’s report of January, 1975, to mean that she had recovered from the concussion.
In any event, her burden was to prove that her headaches were caused by the concussion from a medical point of view and the evidence in this record consisting entirely of Dr. Vogel’s vague and ambiguous report was insufficient to prove such causation.
*437 An award of $2500 is adequate to compensate her for the injuries she proved.
As to Mr. Smith’s award of $1100 for loss of anticipated profit on his automobile, he testified as follows: He is a new car salesman for a Chevrolet dealer and as a fringe benefit in his employment he is able to make an annual purchase of an automobile from his employer at the dealer’s cost. Under that arrangement he purchased a 1974 Corvette just three months before the accident occurred for $5461.70. The dealers list price for such a car was $6751.50. He would have sold the car the following year, i. e., in December, 1974, when the wholesale price, according to the NADA book, .was $6575.00. The difference between the $6575.00 and the $5461.20 he paid is profit of which he was deprived because of the accident. After the accident his collision insurer paid $2600.00 and the unrepaired car was sold for $2450.00 salvage. The sum of $5050.00 was approximately the balance due on the mortgage of the automobile.
The trial judge’s award of $1100 was apparently based on the difference between what Smith paid for the car and what he thought the car would have been worth on the market one year after the accident had the accident not occurred. No authority has been cited for such an approach to automobile damages and we have found none.
In Coleman v. Victor, 326 So.2d 344 (1976), the Supreme Court rejected an argument that the plaintiff was entitled to $1450 being the difference between the value of plaintiff’s automobile before the accident and the sum for which the automobile was sold by her after the accident, and limited plaintiff’s recovery to the estimated cost of repair.
In Cheramie v. Jones, 327 So.2d 601 (La. App. 4th Cir. 1976), we held that when a vehicle is totally destroyed, or so badly damaged that the cost of repair exceeds its value, the proper measure of damages is the value of the vehicle on the date of the accident less the salvage, but if the vehicle is not totally destroyed the measure of damages is the cost of repair plus diminution in value resulting from the accident.
In this case there is no proof in the record that the car was not repairable or of any depreciation which might have resulted from repairs. See footnote 7, Coleman v. Victor, supra. Nor is there proof that the value of the automobile was diminished as the result of the accident, so that Smith is not entitled to this item of damage. Cheramie v. Jones, supra; Traders and General Insurance Company v. Robinson, 289 So.2d 178 (La.App. 1st Cir. 1973). Furthermore, Smith presented no expert testimony to prove that the sale price of the car as salvage for $2450 was the fair market value. We have therefore concluded that Smith cannot recover for his automobile damage beyond his $200 deductible.
In connection with plaintiffs’ answer to the appeal, we have already covered Mrs. Smith’s award. As to Mr. Smith, he was initially examined by Dr. Pusateri on December 19, 1973, and was found to have sustained a mild lumbar strain and contusion on both hips. The use of a heating pad and a muscle relaxant were prescribed but he was advised to continue working as an automobile salesman. The course of treatment included an office visit on January 27, 1974, when he was improving but still had some pain on flexion. On March 25, 1974, Smith was examined for the last time by Dr. Pusateri and found to be asymptomatic and completely recovered.
Smith testified that he missed about five days of work because of the accident and could not put in a full day’s work after the accident because of pain. He also said that he was still having pain from the accident at the time of the trial.
Apparently the trial judge was not as impressed by Smith’s testimony as he was by Mrs. Smith’s. We cannot say that the trial judge abused his discretion in making the award of only $1250.
Accordingly, the judgment appealed from is affirmed but amended to reduce Mrs. Smith’s award to $2500 and to delete the sum of $1100 from the judgment in favor of Harold Smith, so that there is judgment in *438 favor of Mrs. Dorothy Smith and against Government Employees Insurance Company in the sum of $2500.00 with legal interest from date of judicial demand until paid, and for all costs, and in favor of Harold R. Smith and against Government Employees Insurance Company in the sum of $1898.84 with legal interest from date of judicial demand until paid, and for all costs.
AMENDED AND AFFIRMED.