SANDERS, Chief Justice.
■ This litigation arose from an automobile accident which occurred on December 14, 1973. The plaintiffs, Mr. and Mrs. Harold R. Smith, were injured and their automobile damaged. The trial court awarded $7,500 general damages to Mrs. Smith and $1,250 to Mr. Smith. The trial court also awarded Mr. Smith $1,100 for his anticipated loss of profit on the sale of the automobile he was driving. Defendant appealed only the general damage award to Mrs. Smith and the loss of profit award to Mr. Smith. The Court of Appeal reduced the general damage award to Mrs. Smith to $2,500; eliminated the “loss of profit” award to Mr. Smith; and affirmed the remainder of the judgment. 349 So.2d 435 (1977). We granted writs to review the judgment of the Court of Appeal. La., 351 So.2d 176 (1977).
After reviewing Mrs. Smith’s injuries and the medical testimony presented, the Court of Appeal stated: “Apparently the trial judge interpreted Dr. Vogel’s report to mean that her headaches were residual *1290 symptoms of the concussion, but we do not attach the same significance to the report under all the circumstances.” [Emphasis added.] Without pointing to an abuse of discretion, the Court of Appeal concluded: “An award of $2,500 is adequate to compensate her for the injuries she proved.”
The fact that an appellate court may disagree with the trial judge is not alone a ground for substituting its judgment for that of the trier of fact. Spillers v. Montgomery Ward & Company, Inc., La., 294 So.2d 803 (1974).
In Coco v. Winston Industries, Inc., La., 341 So.2d 332 (1977), we stated:
“We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Anderson v. Welding Testing Laboratory, Inc., [La., 304 So.2d 351 (1974)]; Bitoun v. Landry, [La., 302 So.2d 278 (1974)]; Fox v. State Farm Mutual Automobile Ins. Co., [La., 288 So.2d 42 (1973)]; Walker v. Champion, [La., 288 So.2d 44 (1973)].”
The Court of Appeal made no express finding that the trial judge abused his discretion. We have reviewed the record and find no basis for such a finding. Hence, the trial judge’s award to Mrs. Smith must be reinstated.
Regarding Mr. Smith’s claim for loss of profit on his automobile, the Court of Appeal stated:
“As to Mr. Smith’s award of $1100 for loss of anticipated profit on his automobile, he testified as follows: He is a new car salesman for a Chevrolet dealer and as a fringe benefit in his employment he is able to make an annual purchase of an automobile from his employer at the dealer’s cost. Under that arrangement he purchased a 1974 Corvette just three months before the accident occurred for $5461.70. The dealers list price for such a car was $6751.50. He would have sold the car the following year, i. e., in December, 1974, when the wholesale .price, according to the NADA book, was $6575.00. The difference between the $6575.00 and the $5461.20 he paid is profit of which he was deprived because of the accident. After the accident his collision insurer paid $2600.00 and the unrepaired car was sold for $2450.00 salvage. The sum of $5050.00 was approximately the balance due on the mortgage of the automobile.
“The trial judge’s award of $1100 was apparently based on the difference between what Smith paid for the car and what he thought the car would have been worth on the market one year after the accident had the accident not occurred. No authority has been cited for such an approach to automobile damages and we have found none.”
The record reflects that the estimated cost of repairing the damaged vehicle was $2,800. The collision insurance policy contained a $200 deductible clause. Hence the collision insurer paid Smith $2,600. Instead of repairing the vehicle, Smith sold it for $2,450.
In Coleman v. Victor, La., 326 So.2d 344 (1976), we stated:
“When property is damaged through the legal fault of another, the primary objective is to restore the property as nearly as possible to the state it was in immediately preceding the damage, it is well settled that the measure of damage is the cost of restoring the property to its former condition. In assessing damage to property, generally, courts have considered the cost of restoration as the proper measure of damage where the thing damaged can be adequately repaired.” [Footnote omitted.]
We agree that the record does not support an award for loss of profit. Plaintiff did not repair the car and hold it for resale but elected to sell the car without repairing it. The asserted loss of profit from a future resale is too speculative to support a damage award.
In this Court, plaintiff also seeks an award for loss of use of the automobile, relying upon Alexander v. Qwik Change Car Center, Inc., La., 352 So.2d 188 (1977).
*1291 Plaintiff sought no award for loss of use either in the district court or Court of Appeal. Hence, there is no evidence on this issue. We conclude that the record is insufficient to support such an award.
For the reasons assigned, the district court’s award of $7,500 in favor of Mrs. Dorothy Smith is reinstated and made the judgment of this Court. As thus amended, the judgment of the Court of Appeal is affirmed.
DIXON, J., concurs in part and dissents in part and assigns reasons.