415 So.2d 999 (1982)
Louis BRADLEY
v.
Michael TRIPKOVICH et al.
No. 12894.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1982.
*1000 John H. Brooks, Gretna, for plaintiff-appellee.
Drury & Grossel-Rossi, James H. Drury, New Orleans, for defendants-appellants.
Before REDMANN, AUGUSTINE and LOBRANO, JJ.
REDMANN, Judge.
Defendant appeals from a judgment for $57,166.40 for damages from a collision between a tractor-trailer and a pick-up truck at the intersection of state highway 23 and St. Peter street in Oakville. At issue are liability and quantum. We affirm.
The tractor-trailer was being operated on highway 23 for defendant Sam Broussard Trucking Co., Inc. and was insured by defendant Empire Fire and Marine Insurance Company. The pick-up was being operated by plaintiff on St. Peter street. Plaintiff's evidence is that the lights of defendants' tractor-trailer were not turned on as it moved at highway speeds in the darkness of night. Defendants' driver testified that the lights were on.
Defendant's argument on liability is both factual and legal.
*1001 Factually, defendant argues the improbability of anyone's driving a tractor-trailer at highway speeds without lights, especially along the curving road from Venice to Oakville, some 50 miles. We agree that that is improbable, as, to a lesser extent, it is also improbable that one would drive even a few miles without lights. On the other hand, there is independent eye-witness testimony that this truck was indeed being driven without lights, and there is testimony from two others that some truck was driven past them without lights shortly before the accident. We note that while it is indeed improbable that a truck would be driven without lights, it is even more improbable that two or three different trucks would have been driven without lights at about the same time and the same place. The trial judge's obvious factual conclusion was that the truck was unlighted, and the record does support that conclusion. We simply cannot say the trial judge was "clearly wrong," Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), in the credibility evaluation that is his province, Canter v. Koehring Co., 283 So.2d 716 (La. 1973).
Legally, defendant argues that plaintiff was at least contributorily negligent in trying to cross a four-lane, median-divided highway from a small street without looking sufficiently to see the truck (even if unlighted) that the other witnesses could see. We agree that one driving on a favored highway has only the duty of "slightest care" towards drivers entering from side streets, while one entering a highway from a side street has an obvious obligation to enter only when it is safe to do so. The concretization of the latter obligation depends, however, on such factors as speeds and distances andcritical to this case visibility. The obligation upon the highway driver to have lights on is imposed not only in order to enable him to see others in his or her path, but also in order to enable others to see his or her vehicle. On a duty-risk analysis, we first conclude that the duty to have lights on at night includes, within the risks it intends to avoid, the risk that someone entering from a side street might fail to detect the approach of an unlit vehicle and therefore enter the path of the unlit vehicle. We therefore conclude that the fact that one does enter that path under those circumstances cannot be counted contributory negligence: that possibility cannot be both a purpose of the other driver's duty and an excuse for its breach. This principle is established by the factually differing but legally similar cases of Pence v. Ketchum, 326 So.2d 831 (La.1976); Guilbeau v. Liberty Mut. Ins. Co., 338 So.2d 600 (La.1976); Baumgartner v. State Farm Ins. Co., 356 So.2d 400 (La.1978); Boyer v. Johnson, 360 So.2d 1164 (La.1978); and Rue v. State Dept. Hwys., 372 So.2d 1197 (La.1979). It has also been applied in Outlaw v. Bituminous Ins. Co., 357 So.2d 1350 (La.App. 4 Cir. 1978), writ refused 359 So.2d 1293 (La.); and Oliver v. Capitano, 405 So.2d 1102 (La. App. 4 Cir. 1981), writs refused 407 So.2d 731 and 734 (La.). Thus the possibility that plaintiff exercised something less than perfect night vision, or less than perfect attention, can not bar his recovery.
We therefore affirm the trial judge's determination of liability.
Defendant's argument on quantum is limited to the $27,500 award for general damages; medical expenses, property damage and lost wages are not challenged.
Plaintiff's worst injury was the traumatic tearing apart of the clavicle and scapular joint of the shoulder (the acromioclavicular joint), requiring surgical repair and later pin removal. Other injuries included fractured ribs. The orthopedic surgeon testified, almost two years after the accident, that plaintiff would have problems "indefinitely" in the future. Although defendants cite cases such as Dabov v. Allstate, 302 So.2d 697 (La.App. 3 Cir. 1974), writ refused 305 So.2d 539 (La.), which awarded $10,000 general damages, plaintiff cites LeJeune v. Flash Truck, 353 So.2d 296 (La.App. 1 Cir. 1977), which awarded $50,000 total damages (the special damage elements of which are not disclosed in the opinion). We simply cannot articulate any basis for concluding that $27,500 general damages award transgresses *1002 the upper limit of the trial judge's "much discretion," C.C. 1934(3); Reck v. Stevens, 373 So.2d 498 (La.1979)
Affirmed.