432 So.2d 975 (1983)
Estelle BARKER
v.
LOXCO, INC. and Tenneco Oil Company.
No. 82 CA 0811.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Michael E. Soileau, Covington, for plaintiff, appellee.
Michael J. Paduda Jr., and John N. Gallaspy, Bogalusa, for defendants, appellants.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
This is a suit for damages resulting from a trespass by the defendant, Loxco, Inc. upon property belonging to the plaintiff.[1] The trial judge found in favor of the plaintiff and ordered the defendant to pay to the plaintiff the sum of $2,000.00 for mental anguish, $2,000 damages for diminution of property value, and expert witness fees in the amount of $75.00, plus costs. From this judgment the defendant appeals.
The plaintiff owns a tract of undeveloped land consisting of approximately 6.53 acres in St. Tammany Parish, which she purchased from her mother by cash sale. On December 16, 1980, the plaintiff discovered *976 that a clearing had been cut through her property, and soon thereafter equipment belonging to Loxco was parked on her property. Loxco had been conducting seismographic activities on the adjoining land which belonged to plaintiff's sister. The plaintiff contacted Russell Castille, an employee of Loxco, and insisted that Loxco cease its operations, remove the equipment, and reasonably compensate her for the damages done. On December 26, 1980, the plaintiff again visited her property, and found that Loxco had conducted further seismographic testing thereon which caused additional damage to the trees and underbrush.
In her petition, the plaintiff prays for damages for diminution of property value and attorney's fees, totaling $25,000.
During the course of the trial, through his questioning of the witnesses, plaintiff's counsel attempted to introduce evidence to prove damages for mental anguish. The defendant timely objected, on the grounds that such questioning was an attempt to expand the pleadings. The trial court admitted the testimony, over the defendant's objection. The trial judge gave as his reason for overruling the defendant's objection:
"... under ordinary circumstances under no situation would I permit this evidence in when it is not alleged in the plaintiff's petition; but, the way this case is progressing, I am going to let it in. If it proves that this Company has in fact done what they have alleged it has done, they ought to have to pay mental anguish to this plaintiff."
The trial judge subsequently awarded $2,000.00 to the plaintiff for mental anguish. We find the trial court was incorrect in overruling the defendant's objection and erred in considering the testimony, the introduction of which was not supported by the factual allegations of the pleadings.
Louisiana has chosen to preserve the system of fact pleading rather than to adopt the notice pleading of the Federal Rules of Civil Procedure. LSA-C.C.P. art. 854. The purpose of fact pleading is to advise the opposing party of the material facts constituting the cause of action so that he will not be taken by surprise or be unprepared for trial and, therefore, at a disadvantage. Winkler v. Ascension Bank & Trust Co., 182 La. 69, 161 So. 23 (La. 1935); Townsend v. Cleve Heyl Chevrolet-Buick, Inc., 318 So.2d 618 (La.App. 2d Cir. 1975). There are those cases in tort which allow for an award for mental anguish and humiliation incident to personal injuries, even where they were not specifically alleged in the petition. See e.g., Kemp v. Allstate Insurance Co., 247 So.2d 142 (La. App. 1st Cir.1971). In the present case, however, we are presented with a petition alleging damages to property along. The petition sought no recovery for personal injury. The plaintiff's petition failed to include any allegations whatsoever that would tend to inform the defendants that she suffered mental anguish, or that could reasonably be construed as a claim for mental anguish.
Under LSA-C.C.P. art. 1154, proof beyond the pleadings, even if objected to, may be admitted and considered when permission to amend the pleadings is requested and granted. However, in the case at hand, counsel for the plaintiff did not request permission of the court to amend the pleadings to conform to the evidence he was attempting to introduce with respect to mental anguish. Amendments are freely allowed under LSA-C.C.P. 1154 when requested. Counsel for the plaintiff had every opportunity to request permission to amend his petition and failed to do so. Defendant's timely objections, coupled with the plaintiff's failure to move for an amendment of the pleadings is fatal to an issue not set forth in the pleadings. Guillory v. Buller, 398 So.2d 43 (La.App. 3d Cir. 1981); Wanda Petroleum Company v. Mac Drilling, Inc., 353 So.2d 474 (La.App. 3d Cir.1977), writ denied, 355 So.2d 258 (La. 1978).
The defendant also contests the trial court's acceptance of the plaintiff's expert witness, Mrs. Katherine Adams, as well as the award based on her testimony. *977 The competence and qualifications of an expert witness are matters for decision by the trial judge, in the exercise of his judicial discretion, and his decision is final, unless clearly erroneous as a matter of law. Roberts v. Tiny Tim Thrifty Check, 367 So.2d 64 (La.App. 4th Cir.1979); Maddox v. Percy, 351 So.2d 1249 (La.App. 1st Cir.1977), writ denied, 353 So.2d 1336 (La.1978). Mrs. Adams is a licensed realtor, and has been doing business in the area for five years. We recognize that although Mrs. Adams is a licensed realtor, she has minimal qualifications as an expert. However, in view of the wide discretion accorded the trial court, we cannot say that the trial judge was clearly erroneous in qualifying her as an expert for the purpose of evaluating the diminished value of the plaintiff's property.
The award entered by the court in favor of the plaintiff also included the sum of $2,000.00 for property damage. This sum was based on the diminished value of the property due to the destruction of the trees on the plaintiff's property. We find this award to be within the much discretion awarded to the trial judge. Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976). The plaintiff's expert witness, a licensed realtor who was familiar with the property in that area testified that the market value of the property would be diminished by $2,000.00 to $3,000.00 because of the damage done. Photographs depicting the extent of the damage were also introduced into evidence. The $2,000.00 award was in fact at the lower end of the range set by the expert witness, and considering the extent of the destruction, we find it to be a proper amount to compensate the plaintiff for the damage done to her property by the willful trespass of the defendant, Loxco, Inc.
For the foregoing reasons, that portion of the judgment awarding $2,000.00 to the plaintiff for mental anguish is reversed. The judgment of the trial court is affirmed in all other respects, defendants to bear all costs.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.
SHORTESS, Judge, concurring.
I concur in the result.
Plaintiff's petition seeks property damage only. The attempt to enlarge the pleadings occurred when plaintiff's husband was on the stand, and counsel attempted to question him regarding his wife's emotional reaction to the trespass. Defendant timely objected, but the objection was overruled, and plaintiff did not attempt to amend his pleadings. La.C.C.P. art. 1154. I, too, find that the trial judge was in error in overruling this timely objection. Later, however, plaintiff's sister vaguely testified about plaintiff's medical condition.[1] No objection was urged by defendant at that time.[2] The pleadings, therefore, were enlarged and the trial court could have considered mental anguish as an element of damages. I note, however, that plaintiff never testified that she suffered mental or emotional damage as a result of this trespass. The transcript indicates that not one question was asked to her in this regard. Plaintiff failed to prove any claim for mental anguish by a preponderance of evidence. Therefore, it is my opinion that the majority was correct in reversing the trial court's award of $2,000.00 for mental anguish.
Accordingly, I concur.
NOTES
[1] Tenneco, Inc. was also made defendant, but the trial court rendered judgment solely against the defendant, Loxco, Inc., and excluded Tenneco from the judgment. This is not an issue on appeal.
[1] According to this witness, plaintiff suffered from some medical condition unrelated to this event.
[2] At no earlier time had defendant made its objection general or continuing.