449 So.2d 606 (1984)
Joni L. BROWN and Joan H. Brown Watson
v.
Thomas P. MORGAN.
No. 83 CA 0597.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Rehearing Denied May 21, 1984.
*607 W. Hugh Sibley, Greensburg, for plaintiff-appellee.
Wayne T. McGaw, New Orleans, for defendant-appellee.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is a suit in tort for damages against Thomas P. Morgan arising out of an automobile accident by Joni L. Brown for personal injuries and by Joan H. Brown Watson for property damage and related expenses. At the trial, the parties stipulated that the personal injury claim of Brown had been settled, Morgan was at fault in the accident and liable for damages, Watson's automobile was a total loss as a result of the accident and Watson was entitled to recover a wrecker fee of $52.50. The jury returned a verdict in favor of Watson for $3,500 for the value of her *608 automobile and $2,500 for replacement car rental. The trial court rendered judgment against Morgan for $6,052.50 and assessed a $100 expert witness fee. This suspensive appeal followed. Watson answered the appeal seeking damages for frivolous appeal.

FACTS
On April 17, 1981, at approximately 9:45 p.m., Joni Brown was operating a 1977 Ford LTD owned by her mother, Joan H. Brown Watson,[1] in a northerly direction on U.S. Highway 51 in the City of Amite, Parish of Tangipahoa, Louisiana. Timmy and Tiffany Brown (Watson's children) were passengers in the vehicle. At this same time and place, Thomas Morgan was operating a 1980 Chevrolet pickup truck owned by him in a northerly direction on U.S. Highway 51 and was following the Watson vehicle. A collision occurred when Brown slowed for a vehicle in front of her which was making a left turn. Morgan failed to slow his vehicle and struck the Watson vehicle in the rear.

EXPERT WITNESS
To prove the property damage claim for her vehicle, Watson offered the testimony of Joseph M. Currier as an expert witness in the field of sales of used automobiles and their repairs. Morgan objected to Currier's qualification as an expert witness, but the trial court overruled his objection and accepted Currier as such an expert. Morgan now contends that the trial court committed error by accepting Currier as an expert and awarding him an expert witness fee of $100.[2]
A trial judge has much discretion in determining whether to qualify a witness as an expert and his judgment on such matter will not be disturbed by an appellate court unless it is clearly erroneous. Barker v. Loxco, Inc., 432 So.2d 975 (La.App. 1st Cir.1983); Maxwell v. State, Department of Transportation and Development, 391 So.2d 1230 (La.App. 1st Cir. 1980), writ denied, 394 So.2d 281 (La.1980). Currier testified he was not a certified appraiser but had thirty-five years of business experience in repairing wrecked cars and in buying and selling used cars. This court has held that experience alone may be sufficient to qualify a witness as an expert. Maxwell, 391 So.2d at 1233. Currier also appeared in court approximately twenty times and gave testimony about the value of vehicles and the costs of their repair. Based on the above testimony, we cannot say that the trial judge was clearly erroneous in qualifying Currier as an expert witness.
These assignments of error are without merit.[3]

PROPERTY DAMAGE
Morgan contends that the jury committed error by awarding $3,500 for the damages to Watson's vehicle because it should not have given weight to the testimony of Currier and, therefore, she failed to prove her claim by a preponderance of the evidence.[4] Specifically, Morgan contends that Currier failed to consider what accessories the vehicle had and the value of the accessories, failed to take into consideration the salvage value of the vehicle after the accident, did not know the exact mileage of the vehicle and did not follow the National Automobile Dealer book (NADA book).
It is well settled that when an automobile is a total loss the owner is entitled to recover the market value of the vehicle before the accident less its salvage value, if any. Sibley v. Insured Lloyds, 442 So.2d 627 (La.App. 1st Cir.1983);
Cf. Coleman v. Victor, 326 So.2d 344 (La.1976). Watson had the burden of proving her damages by a preponderance of the evidence. Coleman, 326 So.2d at *609 348. Because the parties stipulated that Watson's vehicle was a total loss, her only elements of proof were (1) the market value of the vehicle before the accident and (2) the salvage value of the vehicle, if any.
Currier was the only witness to testify about the market value of Watson's vehicle prior to the accident. Currier was aware of the condition of the vehicle before the accident because he had worked on it about one month previously. Currier also personally towed the vehicle to his shop after the accident and observed that it was a total loss. Currier consulted the NADA book and found a value for Watson's vehicle of $2,700. However, Currier testified that the NADA book is only a guide and gives estimated average appraisal values. He further testified that the vehicle had approximately thirty-five to thirty-seven thousand miles on it at the time of the accident. Currier was of the opinion that Watson's vehicle was worth $3,500 because of the amount of mileage on the vehicle and because it was in excellent shape. Currier conceded he did not consider the accessories on the vehicle when he made his estimate. Watson testified that the vehicle had leather upholstery, air-conditioning, power steering and an AM-FM eight track radio. Watson also testified that the vehicle was in excellent shape and had about thirty-six thousand miles on it at the time of the accident. Morgan presented no evidence to rebut this testimony. This is sufficient evidence to support a finding that the market value of Watson's vehicle before the accident was $3,500.
The record is devoid of any evidence to establish the salvage value of Watson's vehicle after the accident. Currier testified that he did not obtain a salvage estimate and did not know what the salvage value was because he was not in the salvage business. Watson testified that she did not determine what the value of the vehicle was after the accident. She also indicated that the damaged vehicle was taken from Currier's place of business sometime after the accident, but she did not know by whom and did not know what happened to it.
Proof of salvage value is essential to a recovery for total loss of a vehicle. Roy v. Commercial Union Assurance Company, 385 So.2d 1273 (La.App. 3rd Cir. 1980); Cheramie v. Jones, 327 So.2d 601 (La.App. 4th Cir.1976); Burton v. Southwestern Gas & Electric Company, 107 So.2d 67 (La.App. 2nd Cir.1958). Watson has failed to prove this element of this portion of her claim. This portion of the cause will be remanded to the trial court to give both sides an opportunity to offer evidence as to the value of the salvage. Cf. Lavallais v. Dairyland Insurance Company, 401 So.2d 559 (La.App. 3rd Cir. 1981).

REPLACEMENT RENTAL
At the trial, Watson claimed $6,583.50 for rental of a substitute vehicle, which sum represented $6,270 for 418 days of rental at $15 per day and $313.50 for taxes thereon. The jury awarded Watson $2,500 for this claim (1662/3 days at $15 per day). Morgan contends that the jury verdict is based upon evidence improperly admitted by the trial judge and that the award by the jury is in error because it is for a period of more than sixty days.[5]
Watson testified that about a week or so after the accident she needed an automobile to go to work, to take her children to school and to go to a babysitter. She went to Ross Downing Chevrolet, Inc. (Ross) in Hammond, Louisiana, and rented a substitute vehicle for $15 per day. She retained this vehicle for 418 days. Watson was allowed to give this testimony without objection. Her counsel then attempted to introduce into evidence a copy of her rental agreement with Ross. Counsel for Morgan objected because the copy was not signed and "this is not evidence of the indebtedness at all." The trial judge conceded that the document was "at best a very poor carbon copy of the original" but allowed the document to be filed in evidence. *610 Counsel for Morgan then further objected asserting that under the best evidence rule the original should be used and not a copy. Subsequently, on cross-examination by counsel for Morgan, Watson again testified that she used the substitute vehicle for 418 days.
Morgan's contention that only the original rental agreement is admissible is without merit. Where there is a mechanical reproduction of an original document, it is admissible in evidence if the content of the copy accurately reflects that of the original. La.R.S. 15:436; State v. Square, 433 So.2d 104 (La.1983). However, the copy of the car rental agreement in the instant case is not admissible in evidence because it does not bear the signatures of either the lessor or the customer and, therefore, cannot be documentary evidence of the agreement between the parties. Even if this document is offered to show the rental payments due by Watson, it is not admissible. Watson admitted that she has not made any rental payments on the vehicle. Watson did not testify that she prepared the information on the billing contained in the document. Rather, the evidence indicates that the billing information was prepared by Ross. Watson cannot testify to what billing information was given her by Ross because this would be hearsay. Brasseaux v. Stand-By Corporation, 402 So.2d 140 (La.App. 1st Cir.1981), writ denied, 409 So.2d 617 (La.1981); Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980). Accordingly, we find that the trial court committed error by allowing the unsigned copy of the car rental agreement to be introduced into evidence.
Although a trial judge commits an error on an evidentiary ruling in a civil jury trial, an appellate court should, if it can, render a judgment on the record if the record is otherwise complete. Cf. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975); Steinbach v. Barfield, 428 So.2d 915 (La.App. 1st Cir.1983), writ denied, 435 So.2d 431 (La.1983). The record reflects that Watson testified without objection that she rented a substitute vehicle from Ross for 418 days at $15 per day. Since Morgan did not object to this evidence in the trial court, he has waived his right to complain about it on this appeal. Temple v. Liberty Mutual Ins. Co., 330 So.2d 891 (La.1976); Oh v. Allstate Insurance Company, 428 So.2d 1078 (La.App. 1st Cir. 1983). The owner of a vehicle which is a total loss may recover as damages the cost of renting a substitute vehicle but only for a reasonable length of timethe period in which the owner becomes aware of the situation and secures a replacement therefor. Reynaud v. Leonard, 430 So.2d 314 (La.App. 3rd Cir.1983); Meshell v. Insurance Company of North America, 416 So.2d 1383 (La.App. 3rd Cir.1982). The award of rental for 166 days is a clear abuse of the jury's much discretion. La. C.C. art. 1934(3); Reck v. Stevens, 373 So.2d 498 (La.1979); Dunaway v. Rester Refrigeration Service, Inc., 428 So.2d 1064 (La.App. 1st Cir.1983), writs denied, 433 So.2d 1056, 1057 (La.1983). Considering all of the facts and circumstances of this case, we believe a reasonable award to be a reimbursement of rental for a period of sixty days. Meshell, 416 So.2d at 1388.
Accordingly, the jury award of $2,500 is reduced to the sum of $900.

FRIVOLOUS APPEAL
Watson answered Morgan's appeal and sought damages for frivolous appeal contending that the only reason Morgan appealed was to cause delay and inconvenience to her. This appeal was not frivolous because it resulted in a reduction of the award for rental of a replacement vehicle and a reversal and remand of the award for damages to Watson's vehicle. Board of Commissioners of Port of New Orleans v. Louisiana Commission on Ethics for Public Employees, 416 So.2d 231 (La.App. 1st Cir.1982), writ denied, 421 So.2d 248 (La.1982). Watson's claim for frivolous appeal damages is without merit.

DECREE
For the foregoing reasons, the judgment of the district court awarding rental for a *611 substitute vehicle is reduced to the sum of $900 and the award of $3,500 for damages to Watson's vehicle is reversed and this portion of the claim is remanded to the trial court to receive evidence on the issue of salvage value. The claim of Watson for frivolous appeal damages is dismissed. Morgan is to pay all costs of this appeal. Costs in the district court shall be determined in a final judgment on the merits of the claim for property damage.
AMENDED AND AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
NOTES
[1] Watson remarried on July 29, 1981. This suit was filed on December 28, 1981.
[2] Morgan does not contest the reasonableness of the expert witness fee.
[3] Specification of Trial Court Errors 3 and 4.
[4] Specification of Jury Error 2.
[5] Specification of Trial Court Errors 1 and 2 and Specification of Jury Error 1.