469 So.2d 448 (1985)
CHARLIDA, INC., Plaintiff-Appellee,
v.
The SUPERIOR OIL COMPANY, Defendant-Appellant.
No. 84-409.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*449 Leah C. Taylor and Dan A. Spencer, Houston, Tex., for defendant-appellant.
Jones, Jones and Alexander, Jerry G. Jones, Cameron, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
KNOLL, Judge.
The Superior Oil Company appeals the judgment of the trial court finding it liable for damages to the dock and boat shed owned by Charlida, Inc. Superior urges that the trial court erred: (1) in finding Superior liable for damages where Charlida failed to satisfy its burden of proof; (2) by allowing Charlida to present evidence over Superior's objection on a cause of action not pleaded, and without amending its petition; and (3) by finding Superior strictly liable under L.S.A.-C.C. Art. 667. We reverse, finding the trial court clearly wrong in its determination that Charlida proved its case against Superior by a preponderance of the evidence.
Charlida and Superior are adjoining landowners with docks on the Calcasieu River. Charlida has a dock facility and a boat shed. Just to the east of Charlida, Superior has a 250 foot dock used to load and offload work boats and crew boats used by it in its drilling and production activities. Six work boats, each 186 feet long, and 4 crew boats, each 120 feet long, use Superior's dock regularly. Situated on the western end of Superior's dock, on the side closest to Charlida's dock, is a stiff leg crane Superior uses to load and offload its boats.
Charlida filed suit against Superior alleging that unknown vessels damaged its boat dock and building on January 9, 1982, and on other unknown dates in 1982.
The trial court awarded Charlida $6,670.28 for damage of its dock and boathouse, and for erosion damages to its bulkhead caused by prop wash from Superior's vessels.

BURDEN OF PROOF
Superior argues that Charlida has failed to prove that Charlida's dock and boathouse was damaged by Superior's vessels. We agree.
In Louisiana tort cases, plaintiff must prove defendant's negligence and the damages caused by a preponderance of the evidence. Plaintiff's burden of proof may be met by either direct or circumstantial evidence. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when, taking the evidence as a whole, such proof shows that the facts or causation sought to be proved is more probable than not. Hoffpauir v. State Farm Mut. Auto. Ins. Co., 427 So.2d 560 (La.App. 3rd Cir.1983), writ denied, 435 So.2d 449 (La.1983).
In the case sub judice, Charles Hebert, Charlida's majority shareholder, testified that an unknown boat struck and damaged the boat shed. No one saw any vessel strike Charlida's boat shed. Charlida's sole evidence regarding the identity of the boat which damaged the shed was that some of Superior's vessels are green, and a little scrap of green paint was found on the damaged shed. Only Hebert saw the paint. The damage was repaired before Superior came to check the damage claim. Additionally, Hebert testified that several times in the past, Superior's boats damaged Charlida's dock and boat shed, and Superior paid for the damages.
The evidence established that there is a great deal of boat traffic on the Calcasieu River, and that the currents in the river *450 sometime become strong enough to make it difficult to steer the large boats.
Superior testified that its dock is staffed twenty-four hours a day, seven days a week, and although it maintains an internal accident reporting system, no report of an accident involving Charlida's facility was made.
In the instant case, plaintiff relies on circumstantial evidence to prove its claim. In such cases, in order for such evidence to be sufficient, it must exclude, with a fair amount of certainty, every reasonable hypothesis other than that the damages claimed resulted from the negligence of Superior. Tillman v. Canal Insurance Co., 305 So.2d 602 (La.App. 1st Cir.1974), writ denied, 307 So.2d 630 (La.1975). There is no testimony corroborating Hebert's assertion that green paint was found on the damaged shed which corresponded with Superior's vessel's color. Considering the current of the Calcasieu River and the volume of boat traffic from various companies, it is not unreasonable to hypothesize that a vessel not belonging to Superior could have damaged Charlida's dock.
Under these facts, the trial judge was clearly wrong in finding Superior liable to Charlida for damages to Charlida's dock facility.

EXPANSION OF THE PLEADINGS
Superior contends that the trial court erred in allowing Charlida to present evidence, over Superior's timely objections, that propeller and wheel wash from Superior's vessels deepened the channel of the river and caused damage to Charlida's dock. We agree.
LSA-C.C.P. Art. 854 provides:
"No technical forms of pleading are required.
All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practicable, the contents of each paragraph shall be limited to a single set of circumstances."
LSA-C.C.P. Art. 891 further states:
"The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative."
Even though Louisiana abandoned the "theory of the case" doctrine, a plaintiff's petition must allege specific facts in support of his claim to establish a cause of action. Goad v. May, 376 So.2d 340 (La.App. 3rd Cir.1979). The function of fact pleading is to advise the opposing litigant of the material facts which constitute the cause of action so that he may not be surprised or unprepared for trial. Barker v. Loxco, Inc., 432 So.2d 975 (La. App. 1st Cir.1983). Proof beyond the pleadings, even if timely objection is made, may be admissible when an amendment to the pleadings is requested and granted by the trial court. LSA-C.C.P. Art. 1154. Defendant's timely objection to the enlargement of the pleadings, coupled with plaintiff's failure to move for an amendment of the pleadings, is fatal to the admission of an issue not set forth in the pleadings. Guillory v. Buller, 398 So.2d 43 (La.App. 3rd Cir.1981).
In overruling Superior's objection to evidence presented on the issue of damage caused by wheel or prop wash, the trial court observed that paragraph 4 of Charlida's petition covered that issue. Paragraph 4 of Charlida's petition states:

"That during the year 1982 on numerous occasions defendant has permitted these vessels to utilize its dock in such a manner that they continuously moor against the facilities of plaintiff and, as a result thereof, have caused damages to the dock and the building belonging to plaintiff." *451 Charlida's petition only alleged damages caused by vessels mooring against its dock and boat shed. When Charles Hebert testified he notified Superior, he only mentioned damages caused by a vessel which hit the dock.
Considering Charlida's petition we conclude that it failed to plead damage to its dock caused by wheel or prop wash. Superior timely objected to the introduction of this evidence, and Charlida failed to move at trial to amend its petition to include this issue. Therefore, the trial court was clearly erroneous in allowing evidence of this issue which extended beyond its pleadings.
Since we conclude that plaintiff has failed to establish any responsibility on the part of Superior for the damages occasioned to its docking facility, we need not consider Superior's remaining assignment of error.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. Judgment is rendered in favor of the Superior Oil Company, Inc. dismissing Charlida, Inc.'s petition with prejudice. All costs of the trial court and of this appeal are assessed against Charlida, Inc.
REVERSED AND RENDERED.