508 So.2d 624 (1987)
Jack CALK, Plaintiff-Appellee,
v.
GRAIN DEALERS MUTUAL INSURANCE COMPANY, Defendant-Appellant.
GRAIN DEALERS MUTUAL INSURANCE COMPANY and Dorothy Richey, Plaintiffs-Appellants,
v.
HANOVER INSURANCE COMPANY, Defendant-Appellee.
Nos. 18731-CA, 18732-CA.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1987.
Wright & Hennen by Dennis Hennen, Monroe, for plaintiff-appellee.
*625 Walker & Walker by Carl F. Walker, Monroe, for defendant-appellant Grain Dealers Mut. Ins. Co.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for defendant-appellee Hanover Ins. Co.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
JASPER E. JONES, Judge.
In these consolidated actions the plaintiffs seek to recover for damage to their automobiles which collided at the intersection of North 7th and Otis Streets in West Monroe, Louisiana.
Plaintiff, Jack Calk, instituted suit No. 10,867 (18,731-CA) against defendant, Grain Dealers Mutual Insurance Company (Grain Dealers), seeking to recover for damage to his truck as a result of an accident involving defendant's insured, Dorothy Richey. Grain Dealers asserted a third party demand against Kenneth Tremaine, the driver of plaintiff's vehicle, alleging negligence on the part of Tremaine. Grain Dealers and Ms. Richey instituted suit No. 10,945 (18,732-CA) against Hanover Insurance Co. (Hanover), the insurer of Calk's vehicle, alleging Tremaine's negligence. The suits were consolidated for trial and judgment was rendered in Calk's favor and against Grain Dealers in suit No. 10,867 (18,731-CA) in the amount of $1,750.00, the stipulated value of plaintiff's vehicle which was rendered a total loss as a result of the accident. The trial court found Tremaine was guilty of no negligence contributing to the accident and rendered judgment rejecting all other demands, including the demands of Grain Dealers and Ms. Richey against Hanover in suit No. 10,945 (17,732-CA). Grain Dealers and Ms. Richey appeal the judgment rendered in the consolidated cases.
The accident occurred on November 7, 1985 about 6:30 p.m., at the intersection of North 7th and Otis Streets in West Monroe, LA. The driver of Calk's vehicle, Mr. Tremaine, was driving west on Otis across North 7th when the vehicle driven by Ms. Richey south on North 7th Street collided with him. North 7th is a four lane north-south thoroughfare and is illuminated by street lights. It has commercial and residential structures on it. The intersection at North 7th and Otis is controlled by stop signs on Otis. The collision occurred after Tremaine had traveled across three of the four lanes on North 7th. There were no injuries sustained by the drivers, but their vehicles suffered extensive damage.
The appeal presents two issues for decision:
1) Did the trial court err in failing to consider the salvage value of Calk's vehicle in its award to Calk? and
2) Did the trial court err in finding no negligence on the part of Tremaine?
Mr. George King, Jr. testified he witnessed the accident while he was traveling north on North 7th on his way home from work. Mr. King stated the accident occurred between 6:30 and 7:00 p.m. and it was dark and he had his headlights on. He testified he observed the Richey vehicle, without its headlights on, pull onto North 7th heading south. Mr. King "flipped" his lights as he met the Richey vehicle in an attempt to warn the driver the headlights were off. He testified he watched the Richey vehicle in his rearview mirror and saw it collide with Calk's vehicle. King returned to the accident scene and reported these facts to the investigating officer.
Mr. Tremaine testified he had been hunting the afternoon of the accident and quit hunting because it was getting too dark to see. He stated he dropped off one of his companions at his home on Otis Street and proceeded to the intersection of Otis and North 7th. Tremaine testified he stopped his vehicle at the intersection, looked both ways and proceeded across North 7th. He stated he was almost across North 7th when the collision occurred in the westerly-most lane of North 7th Street and he did not think Ms. Richey had her headlights on. Tremaine testified that while he was stopped at the intersection before crossing, he observed some oncoming vehicle with headlights, but felt he had ample time to cross.
*626 Officer Lee of the West Monroe Police Department investigated the accident. He testified the accident occurred about 6:30 p.m. and it was dark. His investigation revealed the ignition switch of the Richey vehicle was on, but the motor was not running. Lee's investigation further revealed the headlight switch of the Richey vehicle was off. Lee issued Ms. Richey a citation for driving without headlights.
The trial judge found Ms. Richey was negligent in operating her vehicle without headlights and Mr. Tremaine was operating Calk's vehicle in a prudent manner. The trial judge noted that although North 7th was illuminated by street lights, the intersection where the accident occurred was not very well illuminated and, therefore, concluded Tremaine was not negligent in failing to see the unlighted Richey vehicle.

Issue No. 1Salvage Value
Grain Dealers contends the trial court erred in failing to consider salvage value in awarding Calk the market value of his vehicle which was rendered a total loss as a result of the accident. Grain Dealers argues Calk should be required to surrender the vehicle upon payment of the judgment.
Calk concedes the salvage value of his vehicle should be subtracted from its market value in arriving at his loss, but contends defendant failed to produce any evidence of the vehicle's salvage value.
When an automobile is a total loss, the owner is entitled to recover the market value of the vehicle before the accident less its salvage value after the accident, if any. Brown v. Morgan, 449 So.2d 606 (La.App. 1st Cir.1984); Sibley v. Insured Lloyds, 442 So.2d 627 (La.App. 1st Cir.1983). The plaintiff has the burden of proving his damage, including salvage value, by a preponderance of the evidence. Brown v. Morgan, supra; Roy v. Commercial Union Assurance Co., 385 So.2d 1273 (La.App. 3d Cir.1980); Burton v. Southwestern Gas & Electric Co., 107 So.2d 67 (La.App. 2d Cir.1958).
The parties stipulated that Calk's vehicle was a total loss and it's "value" was $1,750.00. The record fails to establish that this stipulated figure took salvage value into consideration and there was no evidence introduced to establish the salvage value of the vehicle. We, therefore, remand the case to give Calk an opportunity to offer evidence as to the value of the salvage, an essential element of Calk's damages. Brown v. Morgan, supra.

Issue No. 2Negligence of Tremaine
Appellants contend the trial court erred in failing to find Mr. Tremaine negligent. They argue Tremaine was negligent in failing to see Ms. Richey's vehicle, even if she was driving without headlights, because North 7th Street is illuminated by street lights, citing Bessard v. Marcello, 467 So.2d 2 (La.App. 4th Cir.1985), writ den., 472 So.2d 39 (La.1985). Appellants point out King's testimony that he witnessed the accident in his rearview mirror from 300 yards away.
Calk and Hanover contend a vehicle traveling at night without headlights constitutes an unusual obstruction which an approaching motorist is under no duty to guard against. They argue the intersection at North 7th and Otis is not as well lit as other intersections along North 7th and, for this reason, Tremaine was not negligent in failing to see Ms. Richey's vehicle.
A driver on a favored highway has a duty of ordinary care toward drivers entering from side streets or private drives. Davis v. Galilee Baptist Church, 486 So.2d 1021 (La.App. 2d Cir.1986). A driver entering or crossing a favored highway has a duty of proceeding only when it is safe to do so. Davis v. Galilee Baptist Church, supra; Bradley v. Tripkovich, 415 So.2d 999 (La.App. 4th Cir.1982).
Under LSA-R.S. 32:301,[1] vehicles traveling between sunrise and sunset, and at any *627 other time when there is insufficient light, shall display headlights. The duty of a driver to display headlights when conditions require them is imposed not only to enable him to see others in his path, but also to enable others to see his vehicle. This duty encompasses the risk that someone entering from a side street may fail to detect the unlit vehicle and enter its path. Bradley v. Tripkovich, supra; Cf. Dupas v. City of New Orleans, 346 So.2d 322 (La.App. 4th Cir.1977), rev. in part, 354 So.2d 1131 (La.1978).
The trial judge is in a better position to evaluate the credibility of witnesses and the weight of evidence than an appellate court which does not see or hear the witnesses. For this reason, a reviewing court should adopt the trial court's findings as its own in the absence of clear error, even if other conclusions from the same evidence are equally reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Harris v. Pineset, 499 So.2d 499 (La.App. 2d Cir. 1986), writ den., 502 So.2d 114 (La.1987).
The trial judge found the intersection at North 7th and Otis was not well lit and Ms. Richey was traveling without headlights. He further found Tremaine was operating Calk's vehicle in a prudent manner in that he stopped for the stop sign and looked before proceeding to cross North 7th. The trial judge noted Tremaine traveled across three lanes on North 7th before the impact occurred and concluded Ms. Richey's negligence, in driving without headlights, was the sole cause of the accident.
Our review of the record reveals no clear error in the trial judge's finding that Tremaine was not negligent in failing to see the vehicle driven by Ms. Richey.
Tremaine testified he stopped at the intersection of North 7th and Otis, looked both ways and proceeded to cross. He stated he observed the headlights on approaching vehicles, but believed he had ample time to cross. Mr. Tim Boyd testified he saw Tremaine stop at the intersection before proceeding to cross.
Mr. David Little, a Service Representative for Louisiana Power and Light, testified that there was a street light at the intersection of North 7th and Otis and another street light north of the intersection of North 7th and Otis. Mr. Little could not testify as to the distance between these street lights. Mr. Marty Thompson, a claims adjuster, took photographs of the intersection where the accident occurred. Mr. Thompson could not testify as to the distance between the street lights in the vicinity of the intersection of North 7th and Otis.
We distinguish and find not controlling Bessard v. Marcello, supra, cited by defendant, because in Bessard, the driver crossing the favored street ran a stop sign and the two lane favored street was illuminated by continuous street lighting.
This record shows no clear error in the trial judge's finding that the intersection where the accident occurred was not well illuminated and Tremaine was not negligent in failing to detect Ms. Richey's southbound unlit vehicle. The fact the impact occurred after Tremaine had crossed three of the four lanes on North 7th is evidence that Ms. Richey was some distance from the intersection when Tremaine started across.
The judgment in case No. 10,867 (18,731-CA) awarding Jack Calk damages in the amount of $1,750.00 is reversed and the case is remanded for the purpose of receiving evidence of the salvage value of the Calk pickup truck. When the salvage value is established the trial court is directed to reduce the stipulated value of the truck at the time of the accident by the amount of the salvage value and to render judgment in favor of Jack Calk for the amount of the value of the truck less the salvage.
All costs below shall be assessed against the appellants and the cost on appeal are to be assessed equally against appellants and Jack Calk.
*628 Except as herein amended the judgment in these consolidated cases is AFFIRMED.
NOTES
[1] R.S. 32:301. When lighted lamps are required

Every vehicle upon a highway within this state at any time between sunset and sunrise and at any other time when, due to insufficient light or unfavorable atmospheric conditions, persons and vehicles on the highway are not clearly discernible at a distance of 500 feet ahead, shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles subject to exception with respect to parked vehicles.